# Birmingham Railway, Light & Power Co. v. Friedman.

## *Injury to Passenger.*

(Decided May 14, 1914.   Rehearing denied June 24, 1914.
65 South. 939.)

1. *Carriers; Passengers; Injuries; Pleading; Construction.*—A complaint alleging the relation of passenger and carrier, simple negligence in the handling or operation of a car on which she was a passenger, and injury resulting, the words "as aforesaid" as used therein referred to the relation of passenger and carrier therein before described, and not to the previous description of the quo modo constituting the negligence.

2. *Same; Damages; Evidence.*—Evidence as to plaintiff's ability to pay for her treatment by physicians was immaterial on the issue of the extent of her injuries, or of the character and duration of the pain she claimed to have suffered in consequence thereof.

[Birmingham Railway, Light & Power Co. v. Friedman.]

3. *Same.*—Where the motorman testified that leaves on the rail on which a slight rain had fallen made the car uncontrollable, cross examination as to whether subsequently thereto, and under conditions similar to those existing at the time of the accident, the car and others like it were operated on that part of the track without accident or loss of control, was admissible as bearing on his credibility, and was also proper as tending to show that the cause of the derailment was ascribable to simple negligence or to carelessness of a high degree in the operation of the car, the derailment of which on a down grade was the cause of the injury.

4. *Same; Opinion.*—In a passenger's action for injuries from the derailment of a car on the down grade, questions calling for the motorman's judgment of his ability to bring the car down under control, as of the time of starting on the trip, called for the mere recital of a long passed mental status, and was not admissible.

5. *Same; Instructions; Damages.*—Where there was a count for wanton negligence, a charge that the amount of damages was within the jury's sound discretion as reasonable men as to what the punishment should be, was not erroneous as requiring an award of exemplary damages if the jury found for plaintiff on that count, especially where read in connection with the charges for defendant that such damages were solely within the discretion of the jury, and should not be awarded if the jury believe from the evidence that plaintiff should not recover that character of damages.

6. *Same; Damages; Earning Capacity.*—Where the complaint averred that plaintiff had been and would be less able to earn a livelihood, but there was no positive evidence that she had any business or work before her injury, or that she was prevented thereby from engaging in any business or work, but there was evidence that she was permanently injured, she might recover nominal damages.

7. *Same; Appeal and Error; Exceptions; Sufficiency.*—Where the exception is taken by describing a subject covered by the court in its oral charge and not by excepting to particular or precisely designated statement of the court, it is not sufficient.

8. *Same; Harmless Error; Instruction.*—It is not error to refuse an instruction precluding recovery of only nominal damages; if error, it is harmless.

9. *Charge of Court; Misleading Instruction.*—Before a party can complain of the giving of instructions which are merely misleading they must request and have refused explanatory instructions.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Mrs. Sallie Friedman against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count states the relation between plaintiff and defendant, the fact that defendant was a common carrier of passengers, and the time and manner of the

injury, together with the catalogue of the injuries, and avers that her said injuries were proximately caused by the negligence of defendant in the negligent manner in which it handled or operated said car upon which she was a passenger as aforesaid. The second count adopts all of the first count, including the catalogue of injuries, and alleges that plaintiff's injuries were proximately caused by the wantonness of defendant's servants or agent who had charge or control of said car while acting within the line and scope of his authority under his employment by defendant, in that he wantonly inflicted upon plaintiff her injuries aforesaid, wherefore she was proximately caused the injuries and made to suffer the damages particularly set out as aforesaid. The facts sufficiently appear from the opinion.

The questions set out in the assignment of errors referred to in the opinion are as follows:

"(3) Q. Have you traveled over it since that time, when the leaves were on the track and they were wet? A. Yes, sir. (4) Same as 3. (5) Q. Have you been over it, just like it was that night? A. Yes, sir. (6) Same as 5. (7 and 8) Q. Come down just like it was? A. Yes, sir. (9 and 10) Q. Never had any trouble? A. No. (11 and 12) Q. Not a bit? A. No. (13 and 14) Q. Had perfect control over it? A. Yes, sir. (15 and 16) Q. Leaves the same way? A. Yes, sir. (17 and 18) Q. Wet, and on the track, in the same condition and the same kind of car? A. Yes, sir. (19 and 20) Q. Equipped the same way? A. Yes, sir. (21 and 22) Q. Do you use the appliances the same way? A. Yes, sir. (23 and 24) Q. Worked on the same line, how long after the accident? A. Something like a year. (25 and 26) Q. How long did you continue to work on that line since the accident, since this occurrence? A. About a year. (27) Q. When you went up at the end of the line and

started to come down, was it your judgment at that time you could come down all right, control the car all right? (28) Q. When the car was at the end of the line and you started down that incline, I will ask you to state whether, at that time, it was your judgment the track as you observed it, you thought you could get the car down safely?"

The thirtieth assignment of error is as follows:

The trial court erred in charging the jury orally as follows: Now, gentlemen, in the event you find for the plaintiff under that count, the amount of your finding would be like I said in reference to the mental anguish and physical pain part of the first count of the complaint; it would be simply a question which would be addressed to your sound discretion as reasonable, sensible men, as to how much you think the amount of this punishment should be in the event you find for her under this count of the complaint exercising your judgment as reasonable men.

The following is charge 19 requested by and given for defendant.

(19) The court charges the jury that the awarding of punitive damages is solely within the discretion of the jury, and, if the jury believe from the evidence that punitive damages should not be awarded to plaintiff, then you should not award her such damages.

TILLMAN, BRADLEY & MORROW and FRANK M. DOMINICK, for appellant. Count 1 is similar to the count condemned in the case of *B. R. L. & P. Co. v. Parker,* 156 Ala. 251. It was therefore subject to the demurrer.—*B. R. L. & P. Co. v. Weathers,* 164 Ala. 24; *B. R. L. & P. Co. v. Jordan,* 170 Ala. 530. The court was in error in the admission of evidence objected to, and in declining to admit evidence offerded by defendant.—

[Birmingham Railway, Light & Power Co. v. Friedman.]

Jones on Evid. § 162; *Bir. Ry. Co. v. Alexander*, 93 Ala. 133; *City of B'ham v. Starr*, 112 Ala. 107; 14 Am. Ry. Rep. 692; 57 Am. Ry. Rep. 810; 30 Pac. 982; *Schaff v. L. & N.*, 100 Ala. 377. Counsel discuss other assignments of error relative to evidence, but without citation of authority. There was error in the charge of the court. —*Cullman v. Pepper*, 159 Ala. 310; *Cox v. B. R. L. & P. Co.*, 163 Ala. 170; *A. G. S. v. Arrington*, 56 South. 78. Charges 9 and 10 should have been given.—Authorities supra. Charge 11 should have been given.—*B. R. L. & P. Co. v. Parker, supra; Manistee Mills Co. v. Hobdy*, 165 Ala. 417.

FRANK S. WHITE & SONS, for appellee. The counts held bad in the cases cited by appellant are not at all similar to the first count in the case at bar, and under a long list of authorities the count must be held good.— *Armstrong's Case*, 123 Ala. 244; *Jungs Case*, 161 Ala. 463; *Selhorst's Case*, 165 Ala. 476; *Harris' Case*, 165 Ala. 482; *Gonzales' Case*, 61 South. 80; *Barrett's Case*, 60 South. 62; *Wilcox's Case*, 61 South. 908. In any event, the grounds of demurrer are mere general grounds and will not be considered. § 3303, Code 1907; 165 Ala. 504; 43 South. 839. It was immaterial whether Mrs. Friedman was able to pay her physician or not, and called for a conclusion also.—*Holmes' Case*, 136 Ala. 80; *Postal T. Co. v. Hulsey*, 115 Ala. 195. The cross-examination of defendant's motorman was entirely competent and relevant.—*A. G. S. v. Yount*, 165 Ala. 537; *L. & N. v. Wilson*, 162 Ala. 605; Jones on Evid. §§ 139, 156 and 167. The other questions were clearly competent.—*A. G. S. v. Johnson*, 128 Ala. 283, and authorities supra. Evidence of a mental status long passed is never admissible.—Authorities supra; *Washington v. State*, 156 Ala. 2; *So. Ry. v. Bonner*, 37 South. 705. The

court cannot pass upon the exceptions reserved to the oral charge of the court as they point to no particular or specific portion thereof.—*B. R. L. & P. Co. v. King,* 149 Ala. 504. Charges which are misleading are not grounds for reversal.—*So. Ry. v. Hobbs,* 151 Ala. 335. The charge did not require the giving of exemplary damages but merely permtited it, as was entirely proper under the wanton count.—*Simpson's Case* 59 South. 213; *L. & N. v. Wilson, supra.* This is especially true when read in the light of the charges given for defendant on this question.

McCLELLAN, J.—Mrs. Friedman (appellee) was seriously injured by the derailment and wreck of a street car, operated by defendant (appellant), on which she was a passenger. Her cause of action was set forth in two counts. The first ascribed her injury to simple negligence in the handling or operation of the car on which "she was a passenger as aforesaid." The employment of the words "as aforesaid" is taken by defendant as referring to an anterior description of the quo modo constituting the negligence causing plaintiff's injury, and thereupon invoke the application of the rule expressed and applied in the *Parker* (156 Ala. 251, 47 South. 138) and *Weathers* (164 Ala. 24, 51 South. 303) *Cases,* with the result that that count would be held to be defective on demurrer addressed thereto. Aside from other considerations, it will suffice to say that the words refer to the relation of passenger and carrier thereinbefore described; thus bringing the count under the pertinent doctrine of the *Wilcox* (181 Ala. 512, 61 South. 908) and *Jordan* (170 Ala. 530, 54 South. 280) *Cases.* The count was not subject to demurrer.

The second count ascribed the plaintiff's injury to wanton misconduct on the part of the servant of the carrier in charge of the car.

It is manifest that there was evidence tending to support every material averment in each of the counts.

The plaintiff, with others, boarded the car in question near the end of its line, for the purpose of being conveyed into the city's center. From the end of the line the track's grade declined toward the city. The car got beyond the control of the motorman, and with increasing speed finally left the track at a curve and was stopped by the street curb and a tree near its line. As respects the wanton count, the plaintiff's theory, supported by phases of the evidence, was that, though the mortorman was just previously (as he went out over the line) advised as to the likelihood that, because of the condition of the track, the car would not be subject to control on its return, he undertook to bring it down; that his information as to his probable inability to control the car proved correct; and that the derailment resulted. It was a jury question whether the essential elements of wantonness characterized the motorman's action on this occasion.

On the cross-examination of the plaintiff, in connection with her treatment by physicians, she was asked this question by counsel for defendant: "You were able to pay him, weren't you, Mrs. Friedman?" Objection was properly sustained to this question. The financial condition of the witness was immaterial to any issue in the case.—*Davis v. Kornman,* 141 Ala. 479, 37 South. 789, 792; Jones on Evi. §§ 159, 161. It called for matters entirely too remote from the issue of the extent of plaintiff's injuries or from the inquiry touching the character and duration of the pain she claimed to have suffered in consequence of her injuries.

A large number of the assignments of error relate to the action of the court in allowing the plaintiff's counsel, on the cross-examination of the motorman who was

in charge of the car on the occasion of its derailment and who continued for about a year to operate the car over the line in question, to elicit from the witness statements to the effect that subsequent to the occasion of plaintiff's injury, and under conditions similar to those prevailing at that time, the car and others like it were operated on this section of track without mishap of any kind; without any loss of control of the car by the motorman in charge of its operation.

In section 163 of Jones on Evidence, it is pointed out that the adjudged cases are in conflict on the question of the admissibility, as original evidence, of testimony of collateral facts in cases involving negligence. When a case is presented which requires a direct ruling upon the admissibility of such testimony as original evidence, with the view to the announcement of a general rule, the following of our decisions will need to be considered, and, perhaps, an effort at a classification, if not reconciliation, of them will be found necessary: *E. T. R. R. Co. v. Thompson,* 94 Ala. 636, 10 South. 280; *A. G. S. R. R. Co. v. Arnold,* 84 Ala. 159, 171, 172, 4 South. 359, 5 Am. St. Rep. 354; *L. & N. R. R. Co. v. Hall,* 87 Ala. 708, 722, 6 South. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84; *B'ham Ry. Co. v. Alexander,* 93 Ala. 133, 9 South. 525; *Mayor, etc., v. Starr,* 112 Ala. 98, 107, 20 South. 424; *Schlaff v. L. & N. R. R. Co.,* 100 Ala. 377, 388, 14 South. 105 (a case in which averment had a controlling effect upon the ruling there made) ; *Mobile R. R. Co. v. Walsh,* 146 Ala. 295, 305, 306, 40 South. 560; *Davis v. Alexander City,* 137 Ala. 206, 210, 33 South. 863; *A. G. S. R. R. Co. v. Yount,* 165 Ala. 537, 545, 51 South. 737. The matter comes here at this time under circumstances and in a shape that admits of no doubt of the admissibility of testimony drawn from the witness. He was the motorman of the derailed car. He had testified, on his

examination in chief, to the effect that leaves on the rails, on which a slight rain had fallen, caused the car to be uncontrollable on that occasion by the use of the means afforded or usually employed to that end. If frequently after the accident in question he brought that car, or substantially similar cars, over the identical track under like conditions and without trouble or accident of like character, and so for a period of months or more, it is manifest that such testimony would tend, directly and immediately, to reflect upon the credibility of his testimony in chief in explanation of the cause of the car's uncontrollable flight; and, if his explanation in chief was taken as discredited thereby, to tend in a reflex way to show that the cause of the derailment was ascribable to simple neglect, or to carelessness of a high degree, in the handling or operation of the car.

The court committed no error in allowing the examination complained of in assignments 3 to 22, inclusive, and in assignments 23 to 26, inclusive.

The questions set out in assignments 27 and 28, whereby the motorman was invited to state, as of the time he was about to start back to the city from the end of the line, his judgment of his ability to bring the car down under control, called for the recital of a long past mental status. The questions were properly disallowed.

The exception attempted to be taken to the oral charge of the court in respect of the statement that the jury's province was to decide the issues of fact was abortive; for that it was descriptive only—not the reservation of an exception to a particular, exactly designated statement of the judge. There is no practice allowing an exception by description of a subject treated by the court in an oral charge to the jury.

There is set out in the thirtieth assignment of error an extended excerpt from the oral charge of the court.

[Birmingham Railway, Light & Power Co. v. Friedman.]

It is insisted for appellant that the effect of this part of the oral charge was to erroneously require the jury to award exemplary damages if they found for the plaintiff on the wanton count, there referred to by the court. Our opinion is that the mentioned excerpt is not reasonably susceptible of the interpretation urged for appellant, particularly when the part excepted to is read in connection with the other parts of the oral charge touching the matter of the excepted to excerpt. If it was capable of a misleading interpretation, an explanatory instruction should have been requested by defendant. Doubtless this idea inspired the defendant's request of charge numbered 19, which was given by the court. The report of the appeal will contain it as well as the excerpt set out in the thirtieth assignment.

Charge 11, refused to defendant, was as follows: "The court charges the jury that, if you believe the evidence in this case, you cannot award the plaintiff any damages for being rendered less able to earn a livelihood on account of her alleged injuries."

In the complaint it is averred that in consequence of the injuries described "she has been, and will in the future be, rendered less able to earn a livelihood and perform her usual avocation."

There was no positive evidence tending to show that plaintiff had any business or work at the time or before her injury; or that she was prevented by her injuries from engaging in any business or work or service after her injury. The charge seems to have been framed upon the notion that no kind of damages for impaired earning capacity, as the result of permanent injury suffered, could be awarded without positive evidence of the loss and data wherefrom its financial effect may be ascertained. Where the injury is permanent and is reasonably calculated to impair the previously (to the injury)

capable physical or mental status of the plaintiff, the plaintiff is entitled to recover at least nominal damages therefor.—4 Sutherland on Damages, § 1248; *Strudgeon v. Sand Beach,* 107 Mich. 496, 65 N. W. 616; *S. S. I. Co. v. Stewart,* 172 Ala. 516, 55 South. 785.

The plaintiff is shown by some of the evidence to have been seriously and permanently injured. If her injuries were such as entailed the discomfort her testimony describes, it was open for the jury to find the fact, and, in the absence of data of financial loss thereby imposed upon her, to award her nominal damages in response to this particular feature of her claim. Hence the charge quoted was refused without error, for it forbade a recovery of nominal damages, a modicum to which, under the evidence, she was entitled to have the jury left unfettered to award her. Had the charge concluded against the awarding of compensatory damage, on that account, it would have been error to refuse it on the state of the evidence presented by this record.

There is no error shown. The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.