(87 South. 573)

**BEECH v. STATE. (1 Div. 174.)**

(Supreme Court of Alabama. Jan. 15, 1921. Rehearing Denied Feb. 11, 1921.)

1. **Jury** ⬅⬅90—**Juror related to defendant's wife held subject to challenge for cause; "related by affinity within fifth degree."**

Prospective juror whose wife was the aunt of defendant's wife, and who therefore, according to the rule of the civil law, was related to the defendant by affinity within the fifth degree, was subject to challenge for cause under Code 1907, § 7276, subd. 4.

2. **Criminal law** ⬅⬅1170½(1)—**Witnesses** ⬅⬅ 286(4)—**Improper redirect examination held not ground for reversal.**

In prosecution for murder, where deceased's wife had testified on cross-examination that as far as she knew there was no bad feeling between the deceased and the defendant, that they were perfectly friendly and had been working together two days prior to the homicide, redirect examination as to whether defendant and two other named persons visited her home, admitted by court on prosecuting attorney's statement that the testimony was offered to show conspiracy between defendant and such other persons "who were jointly indicted with him," where such other persons had been granted separate trials, was improper as to the other persons, but technical error not ground for reversal.

3. **Criminal law** ⬅⬅844(1)—**Exceptions to charge held insufficient.**

Exception that "defendant excepts to that part of the charge as to alibi, circumstantial evidence, and the duty of the defendant to deny statements made in his presence" *held* without merit.

Brown, J., dissenting.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Demus Beech was convicted of murder in the first degree, and he appealed. Affirmed.

See, also, 203 Ala. 529, 84 South. 753.

The defendant together with two Lopers was jointly indicted for killing James M. Turner. The other facts sufficiently appear from the opinion of the court.

The exceptions to the oral charge are in these words:

"Defendant excepts to that part of the charge as to alibi, circumstantial evidence, and the duty of the defendant to deny statements made in his presence."

Webb, McAlpine & Grove, of Mobile, for appellant.

The court erred in permitting the state to challenge the juror Easley for cause. 161 Ala. 47, 50 South. 43; 89 Ala. 63, 8 South. 110; 126 Ala. 15, 28 South. 697; 173 Ala. 675, 55 South. 1007. The court was in error in its general charge. 20 Ala. 65, 56 Am. Dec. 182; 32 Ala. 560; 154 Ala. 1, 45 South. 895.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court did not err in the ruling as to the juror Easley. 203 Ala. 412, 84 South. 272; 17 Ala. App. 383, 84 South. 879; 203 Ala. 200, 82 South. 450; 203 Ala. 38, 81 South. 828; Acts 1909, p. 317. The preliminary predicate was sufficient to admit evidence of the trailing of the dog. The exception to the oral charge was not sufficient to present that question. 16 Ala. App. 119, 75 South. 711.

BROWN, J. [1] The wife of Juror Easley was the aunt, or, as the record expresses it, "half-aunt," of the defendant's wife, and, computing according to the rule of the civil law, the juror was related to the defendant by affinity within the fifth degree, and was subject to challenge for cause. Code 1907, § 7276, subd. 4; Danzey v. State, 126 Ala. 15, 28 South. 697.

Mrs. Turner, the wife of deceased, was examined as a witness in behalf of the state, and testified that on the morning of March 7, 1918, her husband left home about 10 or 15 minutes to 6 o'clock, and she did not see him again until his dead body was brought to his father's house the following day; and on cross-examination by defendant the witness testified that "so far as she knew there was no bad feeling between her husband and the defendant, but they were perfectly friendly and had been working together two days prior to the homicide." She was then asked on redirect examination by the solicitor the following question:

"Mrs. Turner, defendant's attorney asks if your husband and Demus were friendly. State whether or not Demus Beech, Quinnie and Henry Loper visited your home."

---

⬅⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant objected to the question in so far as it related to Quinnie and Henry Loper, and the objection was sustained, and thereupon the solicitor said:

"The state offers and proposes to show a conspiracy between Quinnie and Henry Loper and Demus Beech, who are jointly indicted with him."

The court then overruled the objection, and the defendant excepted, and witness answered, "No, sir."

[2] The purpose and effect of this testimony was to destroy any favorable inference or light the proven friendly relation between deceased and the defendant might shed upon the pending controversy, and the question should have been limited to the defendant. This testimony certainly did not tend to show a conspiracy between the defendant and the Lopers to do hurt to the deceased, and the statement of the solicitor that the state proposed to show a conspiracy between the defendant and the Lopers, who were jointly indicted with him, had a tendency to accentuate the hurtful effect of this testimony, and to impair the benefits of the severance and separate trial which had been granted to the defendant. The ruling of the court was therefore erroneous and hurtful, and must work a reversal of the judgment. On this point ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and THOMAS, JJ., hold that, while this ruling shows technical error, it is not such as to justify a reversal of the judgment.

Substantially the same predicate for the admissibility of the testimony relating to the dog being trained to trail human beings was before the court in the Loper Case, 87 South. 92,[1] and it was there ruled against the contention of appellant that the predicate was sufficient to carry the matter to the jury.

The conversations testified to by the witness Onderdonk and other witnesses occurring while the defendant was confined in jail with the Lopers was admitted without objection, and nothing is presented in respect to the admissibility of the evidence.

[3] The exceptions to the oral charge of the court are without merit. B. R., L. & P. Co. v. Friedman, 187 Ala. 567, 67 South. 939; Cowart v. State, 16 Ala. App. 119, 75 South. 711.

The result is that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

BROWN, J., dissents.

GARDNER, J., not sitting.