(94 South. 173)

BEAN v. STEPHENS. (8 Div. 381.)

(Supreme Court of Alabama. Oct. 12, 1922.)

1. Pleading ⬗34(6) — When pleading not questioned, all intendments indulged in favor of pleading to support judgment.

Where the sufficiency of a pleading in a court of general jurisdiction is not appropriately questioned on the trial, all reasonable intendments are indulged in favor of the pleading to support the judgment.

2. Trial ⬗45(3), 46(2)—Objection to general indefinite question to witness held properly sustained.

It is not error to sustain objection to a general indefinite question seeking to elicit from witness a recital of what plaintiff's decedent said after he was shot by defendant, the expected answer not being stated and defendant's explanation, that he sought to elicit declarations by decedent against interest, not sufficing to advise the court as to the relevancy and competency of the evidence.

3. Trial ⬗278—Exception to part of oral charge must be directed to particular language alleged to be erroneous.

Where exception is desired to be reserved to a part of the oral charge of the court, it must be taken and reserved to the particular language which the exception conceives to be erroneous.

4. Trial ⬗261 — Imperfect or involved requests properly refused.

Requests for instructions, which are imperfect or involved, are properly refused.

5. Pleading ⬗34(5)—Plea using words "self-defense in this" construed.

Where, in an action for wrongful death, the defendant's plea recited that the act of shooting "was done in self-defense in this," followed by a recital of facts purporting to justify the act of shooting, held, notwithstanding the defendant's use of the phrase "self-defense in this," the court was at liberty to interpret it as presenting self-defense as defined in criminal jurisprudence, and so as comprehending that element of self-defense involving the duty to retreat.

6. Death ⬗104(1)—Refusal of instruction that law of retreat was not applicable held not error.

Where, in a civil action for wrongful death, the defendant specially pleaded self-defense, and alleged that he "had no reasonable means of escaping therefrom." at the time his safety was menaced, held, under the issues proposed by the defense specially pleaded, not error to refuse to instruct that the duty to retreat was not an element of the law applicable.

7. Death ⬗21 — Requested instruction on self-defense held incorrect.

In an action for wrongful death, requested instruction that if defendant, at the time he found the pistol, was in danger of his life or serious bodily harm, and if defendant had re-

treated and backed to the wall, then he had the right to fire in defense, even though he was not free from fault in bringing on the quarrel, held not to correctly define the right to act in self-defense, since it justified shooting, even if defendant was not free from fault in bringing on the difficulty.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by Lizzie Stephens, as administratrix, against John C. Bean, for the wrongful death of George Stephens. From a judgment for plaintiff, defendant appeals. Affirmed.

Defendant's pleas 5, 6, and 7 read as follows:

"(5) The defendant says that the act of the defendant resulting in the death of the deceased was done in self-defense in this: The deceased was at the time making a violent assault upon the defendant, which placed the defendant in imminent danger to his life or of serious bodily harm, or reasonably appeared to place him in such danger, and the defendant believing and having good reason to believe that he was in imminent peril of his life or of great bodily harm at the hands of the deceased, and the defendant being without fault in bringing on the difficulty, fired the shot to protect himself against such assault on the part of the deceased.

"(6) The defendant and the deceased were engaged in a difficulty. The defendant was without fault in bringing on the difficulty, and the defendant was in imminent danger of serious bodily harm at the hands of the deceased, or reasonably appeared to be in such danger, and fired the shot in the defense of his person from such serious and imminent danger.

"(7) The defendant and the deceased were engaged in a difficulty. The defendant was without fault in bringing on such difficulty. The defendant was placed in present impending danger of his life or of serious bodily harm at the hands of the deceased, and the defendant had no reasonable means of escaping therefrom, and fired the fatal shot to save himself from the loss of his life or of serious bodily harm at the hands of the deceased."

Charges 1, 3, and 7, requested by defendant and refused by the trial court, read as follows:

"(1) The court charges the jury that if defendant was placed in imminent peril to his life or of grievous bodily harm at the hands of the deceased, or from the circumstances defendant had good reason to believe and did believe that he was in such present imminent danger, and was free from fault in bringing on the difficulty, then defendant was not required by the law to retreat, and if, under such circumstances, he fired the shot wholly for his own protection, your verdict should be for the defendant."

"(3) The court charges the jury that the doctrine of retreat does not apply to this case.

"(7) If the jury reasonably believe from the evidence that, at the time the pistol fired, Bean was in present danger of his life or of

serious bodily harm, and they further believe that at the time of such danger, real or apparent, he (Bean) had retreated or backed to the wall, then Bean had the right to fire in defense, even though the jury may also reasonably believe that Bean was not free from fault in bringing on the difficulty."

Bouldin & Wimberly and John B. Tally, all of Scottsboro, for appellant.

In this action by the administratrix, under Code, § 2486, all defenses are available to the defendant which would be available if the action had been brought by the person injured, if death had not resulted therefrom. 161 Ala. 259, 49 South. 895; 179 Ala. 386, 60 South. 937; 195 Ala. 340, 70 South. 267; 158 Ala. 396, 48 South. 485, 17 Ann. Cas. 516; 17 C. J. 1186. Where there is a mere charge of wrongful or wanton injury, without an averment of intent to murder, or willful or intentional attempt to kill, the doctrine of retreat does not apply. 11 Ala. App. 125, 65 South. 860; 12 Ala. App. 519, 67 South. 758; 16 Ala. App. 93, 75 South. 641; 17 Ala. App. 508, 85 South. 877; 200 Ala. 650, 77 South. 24; 93 Ala. 37, 8 South. 386; 5 C. J. 636. The questions propounded by defendant to Dr. Rosser should have been allowed. 4 Ency. Ev. 91; 66 Neb. 566, 92 N. W. 756; 47 N. C. 41, 62 Am. Dec. 190; 55 Barb. (N. Y.) 476; 48 Ill. 475, 95 Am. Dec. 561.

John F. Proctor, of Scottsboro, and John A. Lusk & Son, of Guntersville, for appellee.

When objections are sustained to questions asked a witness, the party complaining must show what the answer of the witness would have been, had he been permitted to answer. 166 Ala. 460, 52 South. 75; 73 Ala. 23; 74 Ala. 485; 115 Ala. 468, 22 South. 282; 17 Ala. App. 290, 84 South. 545.

McCLELLAN, J. The plaintiff (appellee), as administratrix of the estate of George Stephens, deceased, was awarded judgment against appellant in her action under the Homicide Act (Code, § 2486) for the death of Stephens, which was caused by appellant's shooting him with a pistol. In counts 1, 2, 3, and 4, respectively, the plaintiff alleged that the killing was done "wrongfully" by appellant; was done "wrongfully and unlawfully"; was done "wrongfully, unlawfully, or wantonly"; was committed "wrongfully, unlawfully, or wantonly, or maliciously." It appears from the record that, besides general traverse of the complaint, the issues submitted to the jury were those resulting from the averments of special pleas 5, 6, and 7—reproduced in the report of the appeal.

[1] No demurrer was interposed to any of the pleas. Where the sufficiency of a pleading, in a court of general jurisdiction, is not appropriately questioned on the trial, all reasonable intendments are indulged in favor of the pleading to support the judgment.

Lessley v. Prater, 200 Ala. 43, 45, 75 South. 355, and earlier decisions therein cited.

[2] Error cannot be imputed to the court in respect of the general, indefinite question seeking to elicit from the witness Dr. Rosser a recital of what Stephens said after he was shot; it not being at the time made known to the court what answer to the question was expected. The statement by counsel of the question's legal theory, viz. to elicit testimony of declarations against interest on the part of Stephens, did not suffice to advise the court as the rule requires. 1 Mich. Ala. Dig. p. 353, § 205.

[3] There is in the bill of exceptions no sufficient exception to any part of the oral charge of the court. The recital is:

"At the conclusion of said oral charge the defendant excepted to that part of the oral charge of the court touching the doctrine of retreat; also to the statement of burden of proof on that issue."

If exception is desired to be reserved to a part of the oral charge of the court to the jury, it must be taken and reserved to the particular language the exceptor conceives to be erroneous. Gen. Elec. Co. v. Ft. Deposit, 174 Ala. 179, 188, 56 South. 802; B. R., L. & P. Co. v. Friedman, 187 Ala. 562, 570, 65 South. 939; Beech v. State, 205 Ala. 342, 87 South. 573.

[4] Of the several special requests for instruction, refused to appellant and assigned for error, those numbered 5, 8, 9, and 10, as reproduced in the transcript, were so imperfect or involved as to justify their refusal by the court on that ground alone.

[5, 6] It appears in terms from special plea 5, to which no demurrer was interposed, that "self-defense" was an excuse or justification, the pleader, the defendant, intended thereby to assert. Notwithstanding the pleader's employment of the phrase "self-defense in this," the court may very well have interpreted this plea as comprehending "self-defense," as defined in our criminal jurisprudence, and hence regarded plea 5 as including that element of "self-defense" commonly referred to as the "duty to retreat" in circumstances appropriately imposing that duty. Special plea 7 also carried the allegation that the "defendant," at the time he was being menaced, "had no reasonable means of escaping therefrom," thereby affording premise for the court's deduction that the pleader himself recognized the duty of excluding by averments the presence of a reasonable avenue of escape as a condition to his right to shoot his adversary. Under the issues proposed by the defense specially pleaded, as stated, it cannot be affirmed that the court erred in refusing, in the civil action (see Suell v. Derricott, 161 Ala. 259, 267, 49 South. 895, 23 L. R. A. [N. S.] 996), to instruct the jury that the "duty to retreat" was not an element of the law applicable to the case.

The court did not err in refusing special charges 1 and 3, requested for defendant.

[7] It is hardly necessary to add that the facts hypothesized in special request 7, refused to defendant, fell short of defining a sound right to act in "self-defense," for that it would have justified the shooting of Stephens by defendant, even though Bean was not free from fault in bringing on the difficulty.

No prejudicial error being shown, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes