TRI-STATE TRANSIT CO. OF LOUISIANA v. RAWLS.

(In Banc.   April 14, 1941.)

[1 So. (2d) 497.   No. 34499.]

574

Eaton & Eaton, of Gulfport, for appellant.

576

Jo Drake Arrington, of Gulfport, for appellee.

Eaton & Eaton, of Gulfport, for appellant, in reply.

Argued orally by **James Eaton**, for appellant, and by **Jo Drake Arrington**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Plaintiff, F. M. Rawls, was employed by the defendant, Tri-State Transit Company of Louisiana, Inc., as a passenger bus driver. Rawls' employment was subject to the provisions of a contract between defendant and the Amalgamated Association of Street Electric Railway and Motor Coach Employees of America, Division No. 1127, of which plaintiff was a member at the time of his discharge by the defendant. Plaintiff sued and recovered judgment for damages for wrongful discharge from such employment. Article 18, sec. 1, of said contract is as follows: "Operators will not be disciplined or dismissed from service nor will entries be made against his record without sufficient cause." The contract further provides a procedure by which a discharged employee may obtain an investigation as to the justification for his discharge and for successive appeals to higher officers of the company from rulings thereon adverse to the employee, and for arbitration. The contract provided also for written demand by a discharged employee for such investigation with waiver provisions in the event specified time limits were exceeded.

Suit was brought for violation of the contract. The defendant was compelled to respond to the theory set up in the declaration and in plaintiff's instructions, and in doing so raised issues as to compliance with or waiver of the requirements of the contract with regard to investigation by and appeal to officers of the company. An examination of the assignments of error relating to these issues is pretermitted by our conclusion that the plaintiff was not required to exhaust these administrative remedies as a prerequisite to recourse to the courts by suit to recover damages for unjustified discharge.

Moore v. Illinois Central Railroad Co., 180 Miss. 276, 277, 176 So. 593; Moore v. Illinois Central Railroad Co., 61 Sup. Ct. 754, 85 L. Ed. 1089, decided March 31, 1941.

The assignments of error which relate to purported release and resignation executed by plaintiff are over-ruled inasmuch as the jury were properly instructed as to the effect to be given such documents under the re-spective theories set forth in the several instructions.

There was no error in refusing defendant's instruction number nine, which required judgment for defendant if the jury found that plaintiff had, during the period for which plaintiff sought damages for time lost, been con-fined in jail charged with crime. Only three days were involved, and the case does not fall within the decision in Gulf & Ship Island R. Co. v. McGlohn, 183 Miss. 465, 184 So. 71, where, under facts otherwise similar, plaintiff was convicted and sentenced to confinement in the peni-tentiary.

Since plaintiff is allowed to base his suit directly upon his immunity from discharge without sufficient cause as provided in Article 18, section 1, of the contract, the right of the defendant to justify such discharge must likewise be protected. Defendant's plea number four specifically set up justification, but a demurrer thereto was sustained. This was error.

It is true that there was some testimony introduced which related to the basis for such discharge which would have been relevant to such issue and which, if established, would weigh heavily against plaintiff, yet we must as-sume that defendant conducted its defense in deference to the ruling of the court on the demurrer and in response to the contractual theory upon which the suit was based and the trial conducted. This view is strengthened by the fact that one of the grounds of the demurrer was that the plea did not set up that sufficient cause for dis-charge was found to exist by an investigation conducted pursuant to the contract, and the further fact that in

response to the court's ruling an amended plea was filed by defendant setting up the adjudication of sufficient cause under and pursuant to the contractual provisions on which same was joined.

Reversed and remanded.