13 So.2d 888

## BIRMINGHAM ELECTRIC CO. v. DAVIS.

### 6 Div. 105.

Supreme Court of Alabama.

May 20, 1943.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellant.

Harsh & Hare, of Birmingham, for appellee.

340

**BROWN, Justice.**

This is an action on the case by a passenger against a common carrier of passengers for personal injuries alleged to have been inflicted on the plaintiff as a proximate consequence of the negligence of the defendant in the operation of the vehicle—a street car—used in its business as such carrier.

The evidence is without dispute that the plaintiff became a passenger on defendant's vehicle Numbered 415, about eight o'clock A. M., November 6th, 1941, and at that time the car was crowded with passengers. That said street car was in charge of and being operated by defendant's servants or agents.

The evidence offered by plaintiff further goes to show that when plaintiff boarded the street car it was crowded and in consequence a seat was not available and she with other passengers was compelled to stand; that the plaintiff stood in the aisle near the front of the vehicle where there was a post to which she held as the car proceeded forward. After the car had proceeded about ten blocks it stopped to take on passengers, and after the passengers came aboard the car started and then stopped suddenly, when the plaintiff who was standing facing the side was thrown backward to the floor and one or more passengers fell upon her, in consequence of which she received the injuries, constituting the basis of the action. Plaintiff's evidence further tends to show that just before she was thrown to the floor of the car she was within a few feet of the motorman, and the conductor was somewhere in the rear of the street car. The plaintiff's testimony as to the fact of her injury is corroborated by the testimony of her husband who was called to the place of her work and carried her to a doctor, and by the doctor who administered first-aid, diagnosed and treated her for the injury. The plaintiff's testimony as to the fact of the fall on the street car and that other passengers fell upon her is corroborated by witness Miss Williams, who was a passenger on the car on her way to school.

The testimony offered by the defendant goes to show that no such occurrence as that testified by the plaintiff and Miss Williams took place on said car No. 415, on the morning of Nov. 6th, 1941, and both the motorman and conductor testified positively to that effect. Their testimony was corroborated by Miss Bruce another school girl passenger. That was also the testimony of the defendant given in answer to interrogatories propounded by the plaintiff. Testimony was brought out on the cross-examination of the motorman going to show that a street car operated with due care would not ordinarily stop with such suddenness as to cause passengers standing to fall to the floor of the car.

The evidence being without dispute that the street car on which the plaintiff was a passenger and on which she claimed to have received her injury, was being operated by the defendant through its servants and was in their control, the testimony given by the plaintiff and her witnesses, if believed, in connection with the testimony of the motorman that such things do not happen on street cars, properly operated, made a typical case for the application of the doctrine res ipsa loquitur as stated in Langley Bus Co. v. Messer, 222 Ala. 533, 535, 133 So. 287, 289. The first head note in the report of that case was erroneously predicated on the quoted contention in brief of the appellant in that case, and not upon the statement of the law in the opinion of the court. This clearly appears from the following excerpt from the opinion, "The contention, to state it in the language of appellant's brief, is: 'Unless there was some testimony offered on behalf of the defendant or offered by the plaintiff in rebuttal, there was no testimony whatsoever that the defendant, or its agent, servant or employee, was negligent on the occasion complained of. It has many times been considered and decided that the mere happening of an accident does not give rise to a presumption' of negligence."

Immediately following this quotation as to appellant's contention was the statement that: "The rule applicable is, when the plaintiff adduced evidence showing the fact of the casualty, and the attendant circumstances, that it was caused by the defendant's bus operated and in charge of the defendant's agent or servant, and is such as, in the ordinary course of things, does not happen, without negligence, this was sufficient, prima facie, to shift to the defendant the burden of going forward with the evidence—res ipsa loquitur." 222 Ala. 535, 133 So. 289.

■ On the other hand if the testimony of the witnesses for the defendant to the effect that there was no such occurrence as the plaintiff testified to, then she was not entitled to recover. The evidence was in sharp conflict on the issues and presented questions for jury decision. Central of Georgia R. Co. v. Brown, 165 Ala. 493, 51 So. 565; Langley Bus Co. v. Messer, supra.

■ In Lawson v. Mobile Electric Co., 204 Ala. 318, 321, 322, 85 So. 257, 259, cited by appellant, it was observed by Mr. Justice Sayre, speaking for the court: "If Prof. Wigmore's statement of the rationale of the doctrine of res ipsa loquitur be sound, and we think it is, the result is to raise a rebuttable presumption of law, in the phrase of the New York case, supra, a 'mere presumption' having no intrinsic value (Moore, supra [1 Moore on Facts § 98]), a presumption of which Chamberlayne in his treatise on the Modern Law of Evidence speaks as a presumption of administrative procedure which assumes, not the truth of an inference, but the existence of a fact (volume 2, §§ 1082–1085)—assumed, not because it necessarily follows upon facts in evidence, but because the chief evidence of the true cause of the injury charged is practically accessible to the party charged but inaccessible to the party injured. He says that—

" 'When evidence is introduced on the point covered by the presumption of law, it is now functus officio so far as sustaining the burden of evidence is concerned. It drops out of sight.' Chamb., ubi supra.

"And further:

" 'The presumption of law, as a rule of substantive law, is equally binding upon the jury. It constitutes in the substantive law what may be deemed a prima facie right. The jury can no more neglect it than they could fail to give effect to any other rule of law. When, however, the conflicting evidence upon which the jury might reasonably act has been admitted'—meaning, we take it, evidence conflicting in itself, and not mere evidence in conflict with the presumption—'the entire question of weight becomes a question for the jury. The presumption of law has disappeared, as such. The judge is no longer entitled to rule that the inference of fact upon which it is based has a prima facie value. To do so, would be to comment upon the weight of conflicting evidence which is, in a majority of American jurisdictions, expressly forbidden.' Chamb., ubi supra.

"There are cases holding the presumption expressed by the maxim to have weight as evidence, but the best-considered authorities hold, we think, that it serves in the place of evidence only until evidence to the contrary has been adduced; that when evidence to the contrary has been adduced the maxim has spent its force and served its purpose. Note to State v. Kelly, Ann. Cas. 1913E, 974." 204 Ala. 321, 322, 85 So. 259.

■ We are therefore of opinion that defendant's refused charges 14, 15 and 16 were invasive of the province of the jury and were well refused.

■ Defendant's refused charge 19 had a tendency to mislead in the use of "defendant" instead of defendant's servants acting for it in the operation of the vehicle, and that they were prompted by the highest degree of care.

■ Where as here the testimony given by the defendant's witnesses is in direct conflict and contradictory of the testimony given by the plaintiff and her witnesses, we deem it the right of counsel representing the plaintiff in cross-examining the defendant's witnesses to proceed on the theory that his client's testimony presents the true version of the affair, and that the opposing witnesses are either mistaken or are not telling the truth, and it has long been the settled law in Alabama, that the scope of such cross-examination is a matter that must be left largely to the sound discretion of the trial court. Cox v. State, 162 Ala. 66, 50 So. 398.

The rulings invoked by the defendant in respect to the cross-examinations of the defendant's motorman and conductor were not erroneous.

We are not impressed that the damages awarded were excessive. The court did

not err in overruling the motion for new trial.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.