126 So.2d 96

**WOODWARD IRON COMPANY**

v.

**Ida STRINGFELLOW, Administratrix.**

**6 Div. 272.**

Supreme Court of Alabama.

Nov. 17, 1960.

Rehearing Denied Jan. 26, 1961.

B. J. Dryer, Woodward, for appellant.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellee.

GOODWYN, Justice.

This is an appeal by the defendant below (Woodward Iron Company) from a judgment of the circuit court of Jefferson County, Bessemer Division, overruling defendant's motion for a new trial in a case in which W. C. Stringfellow sued to recover damages allegedly resulting from breach of an employment contract entered into between the defendant and the union of which plaintiff was a member. The jury returned a verdict in favor of plaintiff for $3,000 which was reduced by the trial court to $2,073. Upon a remittitur being made by plaintiff, the trial court overruled defendant's motion for a new trial. The plaintiff having died in the meantime, the cause was revived in the name of his personal representative.

■ While there are thirty assignments of error, only Nos. 3, 15, 23, 24, and 29 are referred to in appellant's brief and relied on for reversal. The others, therefore, must be considered as waived. Supreme Court Rule 9, 261 Ala. XIX, XXII, Code 1940, Tit. 7, 1955 Cum.Pocket Part, Appendix.

*Assignments 3 and 15.*

■ One of the grounds for the motion for new trial was that "the verdict was contrary to the great weight of the evidence." Assignment 3 charges error in not granting the motion on this ground.

Another ground of the motion for new trial was based on the refusal of the following written charge requested by defendant:

"2. I charge you, gentlemen of the jury, that your verdict must be for the defendant."

Assignment 15 charges error in not granting the motion for new trial on this ground.

Supreme Court Rule 9 provides for the manner of preparing the appellant's brief. It is there prescribed that "if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely." Appellant's brief does not meet this requirement. Consequently, we are constrained to hold that assignments 3 and 15 have been waived. It is to be noted that, with respect to assignment 15, the argument is that the evidence failed to make out a case for the plaintiff.

*Assignment 23.*

■ This assignment charges error "in overruling defendant's motion for a new trial for that the court erred in submitting the construction of the contract to the jury. (Trans. pp. 106 to 111.)" We cannot consider this assignment for at least two reasons. In the first place it is entirely *too general and does not discuss what* ruling of the trial court, if any, is being challenged. Supreme Court Rule 1, 261 Ala. XIX, Code 1940, Tit. 7, 1955 Cum. Pocket Part, Appendix; State v. Carter, 267 Ala. 347, 349, 101 So.2d 550; McLaney v. Turner, 267 Ala. 588, 594, 104 So.2d 315; Taylor v. Taylor, 251 Ala. 374, 384, 37 So. 2d 645; Kinnon v. Louisville & N. R. R. Co., 187 Ala. 480, 65 So. 397. Secondly, pages 106 to 111 of the transcript, noted at the end of the assignment, shows the court's oral charge to the jury. It may be that defendant considers it was error to give a portion of the charge bearing on the question of the contract, but no exception was taken to such portion. We have held that "the oral charge, although made a part of the record by statute, will not be reviewed unless an exception is reserved, and no exception having been reserved, nothing is presented for review." Boles v. Bonner, 267

Ala. 342, 343; 101 So.2d 544, 545, and cases there cited.

### Assignment 24.

 This assignment charges error "in overruling defendant's motion for a new trial for that the court erred in the oral charge of the court in submitting the question of waiver by the plaintiff upon the acceptance of the pension benefits. (Trans. pp. 106–111.)" The assignment is too general and indefinite. McLaney v. Turner, supra. Moreover, the exception to the phase of the oral charge dealing with the question of waiver was too indefinite. The objection was as follows:

"The defendant objects to that part of the oral charge of the court in which the question of waiver is submitted to the jury on the ground that the question of waiver is a matter of law for the court to determine."

McLaney v. Turner, supra; Beech v. State, 205 Ala. 342, 343, 87 So. 573; Birmingham Ry., Light & Power Co. v. Friedman, 187 Ala. 562, 570, 65 So. 939.

### Assignment 29.

This assignment charges error "in refusing to give for the defendant the general affirmative charge, requested in writing by the defendant, for that under the undisputed evidence in the cause, the plaintiff did not exhaust his administrative remedies."

 It was stipulated that the plaintiff "did not exhaust the remedies provided under the contract and did not avail himself of any administrative remedies provided for under the said contract." That being so, defendant argues that plaintiff could not resort to this court action for redress. In support, reliance is placed on Alabama Power Co. v. Haygood, 266 Ala. 194, 95 So.2d 98. On the other hand, plaintiff contends that he was under no obligation to bring a grievance because the breach of his contract of employment was complete; that he was no longer an employee of defendant.

Principally relied on in support of this are Tennessee Coal, Iron & Railroad Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459 and Davis v. Southern Railway Co., 256 Ala. 202, 54 So.2d 308. It is our view that plaintiff's position is correct.

In the Haygood case, [266 Ala. 194, 95 So.2d 100] it is stated that

" * * * a contract providing for extra-judicial means of hearing or determining grievances growing out of disputes between employee and employer does not deprive the employee of his right to resort to courts when he has complied with the administrative remedies for first determining the dispute. * * *"

Apparently, this is interpreted by defendant as holding that a discharged employee, such as plaintiff in the case before us, cannot resort to court action for a breach of the employment contract without first exhausting the administrative remedies provided for in the contract. Taken out of context, there seems to be some basis for that interpretation. But a consideration of the entire opinion shows clearly that it was not intended to so hold. The proceeding there was one for declaratory judgment "to construe the contract and to declare the respective rights of the appellee (employee) and the Alabama Power Company (employer)." The holding was based on the premise that the complainant (employee) was still an employee of the company. In other words, a question of future relations between the parties was involved. In the case before us there is no such question since plaintiff's employment has come to an end.

It seems to us that what was said in Davis v. Southern Railway Co., supra [256 Ala. 202, 54 So.2d 309], is of controlling influence in the instant case. That case involved the right of one "who is presently an employee" to "maintain an action in the courts for damages for loss of seniority rights, involving the interpretation of a bargaining agreement covering the future

relations of" an employee and his employer, until the employee "has exhausted the administrative remedies provided by the Railway Labor Act [45 U.S.C.A. § 151 et seq.]." Although, in the case before us, we are not concerned with the Railway Labor Act and the means there provided for adjusting grievances and disputes, the opinion in the Davis case contains a discussion which is of particular significance and application here, viz.:

"* * * In Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, as pointed out in Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, Moore sued for damages claiming wrongful discharge contrary to the terms of a bargaining agreement. It was held that the courts had jurisdiction since Moore had accepted his discharge as final and had left the employment of the railroad."

Included in the Davis opinion is the following pertinent quotation from the Slocum case:

"Our holding here is not inconsistent with our holding in Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. Moore was discharged by the railroad. He could have challenged the validity of his discharge before the Board, seeking reinstatement and back pay. Instead he chose to accept the railroad's action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. As we there held, the Railway Labor Act does not bar courts from adjudicating such cases. A common-law or statutory action for wrongful discharge differs from any remedy which the Board has power to provide, and does not involve questions of future relations between the railroad and its other employees. If a court in handling such a case must consider some provision of a collective-bargaining agreement, its interpretation would of course

have no binding effect on future interpretations by the Board."

See, also, Tennessee Coal, Iron & Railroad Co. v. Sizemore, 258 Ala. 344, 350–351, 62 So.2d 459, supra; Dufour v. Continental Southern Lines, 219 Miss. 296, 68 So.2d 489, 494.

We quote the following from the Sizemore case [258 Ala. 344, 62 So.2d 465]:

"It is also insisted that the contract sued on furnished the only procedure by which plaintiff could recover damages for its breach. But a contract to arbitrate and thus determine whether plaintiff has a cause of action is not ordinarily enforcible. Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 143 So. 465; Western Assurance Co. v. Hall, 112 Ala. 318, 20 So. 447. The controlling reason for the exception to that principle stated in Bell v. Western Rwy., 228 Ala. 328, 153 So. 434, does not here exist. This also applies to Davis v. Southern Rwy. Co., 256 Ala. 202, 54 So.2d 308. The grievance referred to in the contract does not apply so as to prevent an employee from suing to recover damages for which the defendant is liable to him by reason of a breach of the contract for his direct benefit. There is no obligation on the part of the plaintiff to bring a grievance on account of a breach of the contract, which is complete, resulting in damage to plaintiff."

In the Dufour case, the Mississippi Supreme Court had this to say [219 Miss. 296, 68 So.2d 494].

"* * * It is said by the appellee that this provision of the agreement was not complied with and that, therefore, the appellant is precluded from recourse to the courts by suit to recover damages for his wrongful discharge. This is not a proceeding by the appellant seeking restoration to his employment. It is a suit for damages occasioned by his alleged wrongful discharge, and one in which his personal

rights and property rights are involved. The contention of the appellee that the appellant is precluded by his failure to first exhaust administrative remedies provided in the collective bargaining agreement has been expressly decided by this Court adversely to such contention in the case of Tri-State Transit Co. of Louisiana v. Rawls, 191 Miss. 573, 1 So.2d 497, 498, wherein the Court held that 'the plaintiff was not required to exhaust these administrative remedies as a prerequisite to recourse to the courts by suit to recover damages for unjustified discharge', citing the case of Moore v. Illinois Central Railroad Co., 180 Miss. 276, 176 So. 593."

From what we have said, it follows that the judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.