231 So.2d 161

## Foy B. KIRKLAND

v.

## Grady BARFIELD.

### 4 Div. 14.

Court of Civil Appeals of Alabama.

Jan. 28, 1970.

L. A. Farmer, Jr., J. R. Herring, Dothan, for appellee.

Lee & McInish and William G. McKnight, Dothan, for appellant.

THAGARD, Presiding Judge.

This action arose out of a highway accident wherein a farm trailer loaded with peanuts being pulled by a pickup truck became disengaged from the truck. As a result this trailer left the highway and struck plaintiff's-appellee's gasoline tanks in front of his combination store-house building. The gasoline in the tanks ignited and partially burned appellee's building.

Plaintiff's-appellee's complaint contained only one count for simple negligence and demanded $20,000.00 damages to plaintiff's building.

At the conclusion of the evidence and arguments, the court proceeded to charge the jury that the doctrine of res ipsa loquitur was applicable to this case. The court further defined the doctrine of res ipsa loquitur to the jury. The defendant duly and legally reserved an exception. The court gave three written charges to the jury at the request of the plaintiff defining the doctrine of res ipsa loquitur. The court refused to give defendant's requested Charge No. 1.

A jury verdict was rendered in favor of the plaintiff-appellee in the amount of $11,400.00 plus costs.

Thereafter, on March 25, 1969, the defendant filed his motion for a new trial and an order was entered setting a date for hearing. A hearing was held on such motion on April 3, 1969, when same was argued and submitted. The court entered an order on April 3, 1969, that the damages awarded plaintiff in this cause were excessive by the sum of $1,900.00 and that the defendant's motion for a new trial was granted unless plaintiff remit all damages in writing in excess of $9,500.00 within twenty days. Plaintiff filed a written remittitur as required by the court on April 14, 1969. Defendant's motion for new trial was thereafter denied on April 21, 1969.

This appeal is taken from the adverse judgment of the court below and also from the trial court's conditional denial of defendant's-appellant's motion for new trial.

■ Plaintiff's Assignment of Error No. 2 says that the trail court erred in stating to the jury in its oral charge that the doctrine of res ipsa loquitur was applicable as the law in this case as follows: (Then quoting several paragraphs from the oral charge of the court), to which portion of the court's oral charge the defendant duly excepted, before the jury retired, as follows:

"'If the Court please, I would like to except to that portion of the Court's oral charge, in which the Court stated, that the Court is of the opinion this case comes under the doctrine of res ipsa loquitur and all other words and phrases used by the Court in charging the jury as to the doctrine of res ipsa loquitur.'"

We think this exception must fail because it was too general. This was an exception of the "shotgun" variety that availeth the exceptor nothing.

In New York Times Co. v. Sullivan, 273 Ala. 656, 681, 144 So.2d 25, 45, an exception to the court's oral charge was attempted in the following language:

"'Lawyer Gray: Your Honor, we except to the Court's charge dealing with

ratification as well as the Court's charge in connection with the advertisement being libelous per se in behalf of each of the individual defendants.'

"The above attempted exception was descriptive of the subject matter only, and is too indefinite to invite our review. (Citations omitted.)"

In McClendon v. State, 278 Ala. 678, 680, 180 So.2d 273, 275, the court said:

"The record discloses that the only exception to the court's oral charge is as follows:

" 'If the Court please, we want to except to that portion of the Court's oral charge in which the Court stated that the measure of damages is the value of the entire tract affected before the taking and the value of the entire tract affected after—* * *.'

"The proper way to reserve an exception to a part of the court's oral charge is for the exceptor to select and recite what the court said, or state the substance of what the court said, and thus specifically bring to the attention of the trial court and this court the matter and ruling of which complaint is made. Alabama Power Co. v. Smith, 273 Ala. 509, 142 So.2d 228. We are of the opinion that the exception reserved to the court's oral charge in this case was insufficient to present for review appellants' criticisms of that part of the oral charge made the basis of assignment of error 12."

See also Birmingham Ry., Light & Power Co. v. Cockrum, 179 Ala. 372, 60 So. 304; Birmingham Ry., Light & Power Co. v. Friedman, 187 Ala. 562, 65 So. 939; Bean v. Stephens, 208 Ala. 197, 94 So. 173.

Appellant's Assignment of Error No. 3 (quoting from appellant's brief) "covers a portion of the same oral charge whereby the court attempts to instruct the jury as how to apply the doctrine of *res ipsa loquitur* to the instant case." (Emphasis supplied.) But appellant reserved only one exception to the trial court's oral charge and that was in the "shotgun" language hereinabove quoted. So, we hold that appellant's Assignment of Error No. 3 is without merit.

■ Assignment of Error No. 5 sets out as error the giving of plaintiff's requested written Charge No. 2, as follows:

"The Court charges the jury that if you are reasonably satisfied from the evidence in this case that, before the injury to the Plaintiff's property, the trailer which was being operated by the Defendant, in connection with his automobile, was under the exclusive control of the Defendant, and that the Plaintiff was without fault in bringing about the injury to his property, and that the injury, in the ordinary course of things, would not have occurred if the Defendant had used proper care, then, as a matter of law, the injury arose from the Defendant's want of care, and the Defendant was guilty of negligence in this case."

It is our opinion that the giving by the learned trial court of this charge requested by plaintiff constituted error to reverse. The charge practically amounted to the giving of the affirmative charge with hypothesis for the plaintiff, in that in effect it charged that if the plaintiff had established the elements necessary to bring into play the doctrine of *res ipsa loquitur,* "then, as a matter of law, the injury arose from the Defendant's want of care, and the Defendant was guilty of negligence in this case.", and it charged out of the consideration of the jury the defendant's evidence tending to rebut the prima facie case of negligence raised by plaintiff's evidence. Also, as pointed out in appellant's excellent brief, the charge was erroneous in that it did away with the requirements of proximate causation in order for plaintiff to recover for negligence.

The Supreme Court of Alabama in Birmingham Electric Co. v. Davis, 244 Ala. 338,

341, 13 So.2d 888, 890, in discussing the doctrine of res ipsa loquitur, said:

" 'There are cases holding the presumption expressed by the maxim to have weight as evidence, but the best-considered authorities hold, we think, that it serves in the place of evidence only until evidence to the contrary has been adduced; that when evidence to the contrary has been adduced the maxim has spent its force and served its purpose. * * * ' "

■ Whether appellant's testimony that he tied the coupling pin with wire was sufficient to show due care on his part was strictly for the jury to decide. Plaintiff's requested Charge No. 2 took that issue away from the jury.

■ We pretermit discussing the other assignments of error. However, for the benefit of the trial court and the attorneys on another trial, we express the opinion that the trial court was correct in holding that plaintiff's evidence was sufficient to bring the case under the doctrine of res ipsa loquitur and to make it necessary that defendant go forward with the evidence, but not that the burden of proof ever shifted to the defendant.

For the error pointed out the judgment of the trial court is

Reversed and remanded.