THOMPSON, Judge,
dissenting.
I believe the summary judgment was correct and thus should be affirmed. Therefore, I respectfully dissent.
I agree with the trial court’s assessment of the issue of res ipsa loquitur:
“The Court concludes the doctrine of res ipsa loquitur does not apply in this case for two reasons. As an initial matter, the defendant did not have full management and control of the truck and the tire for the relevant period of time. The evidence is clear that the tire was repaired by Mr. Carney, an outside contractor, three days before the incident in this case.
“Secondly, there is absolutely no evidence in this case that, according to the common knowledge and experience of mankind, the accident could not have happened if Crabtree had not been negligent. Alabama Power Co. v. Berry, 254 Ala. 228, 48 So.2d 231 (1950).... In fact, in his deposition, plaintiffs own expert testified as follows:
“ ‘Q. Can you say that in every one of those cases you investigated where the wheel came off with the truck moving that the operator of that truck failed to properly inspect the wheel before he got into the truck that day?
“ ‘A. No sir, I wouldn’t say that.
“ ‘Q. So it’s possible it can happen even if you properly inspect it?
“ ‘A. It’s possible. Anything is possible.’ ”
McDaniel submitted the affidavit of his expert witness in opposition to Crabtree and Ryals’s motion for a summary judgment. McDaniel’s expert stated in his affidavit that Ryals would have discovered the problem with the wheel if he had conducted a proper inspection. McDaniel’s expert then testified that if Ryals looked at the tire, checked the lug nuts, and checked the positioning of the components of the wheels, then that would constitute a proper inspection of the wheels of the truck. The undisputed evidence in the record is that Ryals conducted just such an inspection of the wheel on the morning of the accident. I agree with the trial court’s statement that “[t]he undisputed evidence in this case is that Ryals did exactly what the plaintiff’s expert said he should have done in inspecting his vehicle on the morning of the accident. Thus, there is no evidence of any negligence.” (Emphasis added).
Even assuming, arguendo, that McDaniel presented substantial evidence of the elements of res ipsa loquitur, the defendant may rebut any presumption of negligence by showing it used due care. Kirkland v. Barfield, 45 Ala.App. 384, 231 So.2d 161 (Ala.Civ.App.1970). Crabtree and Ryals presented evidence that Ryals used due care in inspecting the truck and its wheel; McDaniel offered no evidence that would contradict or dispute that evidence. Rather, McDaniel’s expert witness established that the inspection of the truck wheel performed by Ryals was proper and that the wheel could come off of the truck in the absence of a negligent inspection. Even by McDaniel’s evidence, one would conclude that Crabtree and Ryals used due care in inspecting the wheel of the truck. This uncontradieted evidence of due care rebuts any presumption of negligence that *155 would arise by the application of the doctrine of res ipsa loquitur. See Kirkland v. Barfield, supra.
McDaniel presented no evidence to support the first two elements of his claim; instead, he presents one possible factual explanation for the accident. However, “[sjpeculation and conclusory allegations are insufficient to create a genuine issue of material fact.” Brooks v. Colonial Chevrolet-Buick, Inc., 579 So.2d 1328, 1330 (Ala.1991).
The facts of this case do not support a claim under the doctrine of res ipsa loquitur. I would also note that the majority’s opinion tends to relieve the plaintiff of his burden to establish that the defendant was at fault. Because McDaniel failed to meet his burden of presenting substantial evidence to defeat Crabtree and Ryals’s motion for a summary judgment, I would affirm the ruling of the trial court. Therefore, I dissent.
CRAWLEY, J., concurs.