FRANKLIN V. BRADLEY, an Infant, by EDWARD J. BRADLEY, Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF THE CITY OF ONEONTA, Appellant.— Plaintiff sued to recover damages on theory of negligence, charging the defendant with failure to properly guard walls in gymnasium where field dodge ball was being played. There is no proof in the record showing a general usage or custom of providing mats or other protective measures on the walls of gymnasiums. Judgment and order reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event. Hill, P. J., Crapser and Heffernan, JJ., concur; Rhodes and McNamee, JJ., dissent and vote to affirm on the ground that plaintiff was a student and required to take part in a game of field dodge ball in the gymnasium. As a part of the game it was necessary to run as swiftly as possible toward the brick wall of the gymnasium, and to dodge opponents, in order to retrieve the ball. The question is whether the place was reasonably safe for the special purposes for which it was designed and used under the directions of the board. The board has the same responsibility to make the gymnasium reasonably safe for the purposes for which it is used as it has to make class rooms reasonably safe for their intended use. There is no special reason for protecting ordinary brick walls and projections in class rooms; but the reason and necessity for such protection in the gymnasium, where basket ball, field dodge ball, and other violent games are played, is evident on the merest consideration. It requires no special knowledge nor nicety of judgment to reach that conclusion; and the ease and small expense of providing such protection are equally evident to the most casual observer. The board of education has entire control of both types of rooms, and they designed them for widely different uses. In either case it must exercise the foresight and caution that a reasonably careful person would exercise in designing the place and equipment, and in prescribing the game. In broadening the curriculum to include the use of a gymnasium and dangerous pursuits, it must take the added precautions necessary for reasonable safety to meet the requirement of ordinary care. These things the board failed to do.

SAMUEL H. WATSON, Appellant, v. FREDERICK S. GREENE, Respondent. STEVE GANES, Appellant, v. FREDERICK S. GREENE, Respondent.— Appeal by driver and passenger from verdicts of no cause of action against defendant, motorist, with whose car the car in which they were driving came in collision at a street intersection. Judgments and orders unanimously affirmed, with costs in one action. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

FEN B. HALE, Respondent, v. CORTLAND COUNTY BUS LINES, INC., Appellant. JULIA HALE, Respondent, v. CORTLAND COUNTY BUS LINES, INC., Appellant.— Actions brought by husband and wife to recover damages for negligence in causing injuries to the wife, who was a passenger on a bus which collided with a truck. Judgments and orders unanimously affirmed, with costs in one action. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.