ANTHONY J. CAMBARERI, an Infant, by ANTHONY CAMBARERI, His Guardian ad Litem, Respondent, v. THE BOARD OF EDUCATION OF THE CITY OF ALBANY, Appellant.

ANTHONY CAMBARERI, Respondent, v. THE BOARD OF EDUCATION OF THE CITY OF ALBANY, Appellant.

Third Department, January 9, 1936.

*Joseph L. Delaney* [*John J. Scully* of counsel], for the plaintiffs.

*George A. Reilly, Corporation Counsel* [*Joseph J. Casey* and *Ralph S. Leonard* of counsel], for the defendant.

RHODES, J. The complaint alleges that plaintiff, a boy of the age of fifteen years, " who was clumsy, awkward and ungainly and weighed upwards of 225 pounds," was a student in defendant's high school and was taking a course of exercises as required by this defendant in its gymnasium.

The facts were fairly summarized by the learned court below in his charge to the jury as follows:

"As a part of his course at that school he took what is known as physical culture. One of the activities of this course in physical culture, particularly of the class to which this plaintiff, Anthony Cambareri, was assigned, was the participation in a team, competing with other teams, in a so-called relay race. This race was run from one part of the gymnasium across the floor to a mat over which the competitor rolled or tumbled in a somersault fashion, and upon resuming his feet continued to run to a pole, which must be touched, and he then returned to another member of the team who carried on the race.

" The infant plaintiff, Anthony Cambareri, on January 25, 1933, was engaged in the gymnasium in this exercise or race, and after taking the roll or tumble on the mat, and upon resuming his feet, he claims that the mat slipped on the floor under his feet, causing him to fall to his right knee, and that his left leg was doubled under him. He claims that as a result of this fall his right knee was floor burned or bruised, and that his left leg was injured."

It was plaintiff's claim that this slipping of the mat was caused by the slippery condition of the floor upon which the mat was laid and not firmly fixed.

Plaintiff had described the floor as " terribly slippery. You could almost see your picture in the floor it was so shiny."

The jury were charged that it was the duty of the defendant to keep the building and equipment reasonably safe for the life and limb of the students who were required to use it, and that it was for the jury to determine whether the condition described was safe or unsafe.

By the verdict the jury have determined as a matter of fact that the slippery floor with the loose mat upon it was not reasonably safe for the use which plaintiff was required to make of it. That finding must stand unless, as a matter of law, we are required to say that the defendant did all that the law requires toward furnishing a reasonably safe place and equipment for the use of the plaintiff.

In cases such as this the law is dealing with practical affairs of life, and the standard here is the practical and reasonable conduct of ordinary, practical and reasonable men. In the light of realities and actualities, we judge by a standard of what is reasonably possible of accomplishment, rather than by the standard of an unattainable ideal.

The defendant was not the insurer of plaintiff's safety. Common experience teaches us that innumerable hazards surround the individual and injuries thereby are suffered despite the exercise of proper care and for which no legal liability attaches to any one. Slipping and falls frequently occur on floors when no implication of carelessness arises. In any physical exercise there is, of course, some chance of injury, but it cannot be said that it is unreasonably dangerous to require students to engage in ordinary physical exercise; in fact the State requires such physical training. (Education Law, § 695.)

Would a reasonably prudent man before the occurrence of this accident have been apprehensive that in the situation presented there lurked the possibility of serious injury to any one participating in the exercise? This was an ordinary floor with an ordinary mat placed thereon. The hazard was the usual and ordinary hazard of children encountered in running, exercise and play.

In the light of the decisions of the courts of this State, it must be held that the defendant fulfilled the duty of reasonable care which rested upon it. (*Abbott* v. *Richmond County Country Club*, 211 App. Div. 231; *Tryon* v. *Chalmers, Nos. 1, 2,* 205 id. 816; *Mitcheltree* v. *Stair*, 135 id. 210; *Burns* v. *Board of Education of City of New York*, 239 id. 713; *Samuels* v. *Terry Holding Co., Inc.*, 227 id. 68; *Kipp* v. *Woolworth & Co.*, 150 id. 283; *Curtiss* v. *L. V. R. R. Co.*, 233 N. Y. 554; *Kline* v. *Abraham*, 178 id. 377.) (See, also, *Mona* v. *Erion*, 223 App. Div. 526.) *Bradley* v. *Board of Education of City of Oneonta* (243 App. Div. 651) is distinguishable. There the plaintiff in a game was required to run toward a sharp projecting corner of a wall.

In *Butler* v. *Village of Oxford* (186 N. Y. 444) the plaintiff stumbled over a slight projection in a sidewalk. While the facts there were different from the facts in the present case, the reason of the court for dismissing plaintiff's complaint has peculiar force here. It was there said: " As a matter of necessity, in the construction of walks much greater obstructions very commonly exist at curbs, gutters and crosswalks, and it would have required a much higher degree of foresight than the law imposes upon the part of the village authorities to have foreseen the danger of accident to a passer-by."

In the recent case of *Green* v. *City of Mechanicville* (269 N. Y. 117), where it was claimed that the accident resulted from slight ridges of ice which had formed on the rails of abandoned street car tracks at the time of a sleet storm when generally icy conditions prevailed, the court in dismissing the complaint, said: " We think that the chance of this accident was not in the circumstances so appreciable that the man of ordinary prudence in maintaining the street would have taken steps to prevent it."

That reasoning is persuasive here. The judgments should be reversed upon the law and the complaints dismissed, with costs in one action.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents.

Judgments and orders reversed on the law, with costs, and complaints dismissed, with costs in one action.