JOHN S. REYNOLDS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31970.)

JOHN E. REYNOLDS, an Infant, by MADELYN G. REYNOLDS, His Guardian ad Litem, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31976.)

Court of Claims, June 10, 1955.

*Robert H. Rice* and *Paul F. Donohue* for claimants.

*Jacob K. Javits, Attorney-General* (*Quentin Grant* of counsel), for defendant.

MAJOR, J. These claims were filed to recover damages for injuries sustained by the above-named infant at Milne High School, Albany, New York, and alleged to have been caused by the negligence of the State through improper instruction and supervision of a wrestling class.

Unlike most high schools, Milne High School is a part of the University of the State of New York.

On April 14, 1953, John E. Reynolds, age sixteen, while receiving instructions in a particular wrestling maneuver as part of the physical education course at Milne High School, sustained a comminuted fracture of his left clavicle. The class consisted of thirty students, paired off for the instructions. The maneuver known as the " heel block and rear take down ", was executed with another student, Robert Keller, blocking claimant's heels with his foot, pulling claimant over backwards to a sitting position, and rolling him to the mat. Claimant and Keller were close friends and had chosen each other. Keller weighed about ten pounds more than claimant, but claimant was slightly taller than Keller. The instructor approved the voluntary matching of these boys after making a mental comparison of their weights and watching them throughout the maneuver. Claimant, a sophomore, had received instructions in the simpler movements of wrestling in the seventh, eighth, ninth and tenth grades. In addition, both claimant and Keller had received instructions and taken part in substantially the same maneuver during their freshman year. Just before the accident, claimant had gone through the fall movement and had taken Keller to the mat first. Then when Keller took claimant to the mat, the accident happened. The progressive method, used at the school, is an accepted method. A proper and sufficient mat was furnished and used. The class instructor was experienced, qualified and competent.

Physical education is covered by a syllabus issued by the New York State Education Department, and such syllabus states: " the list of physical education activities included in this syllabus is suggestive rather than exhaustive ". It describes numerous exercises and acrobatic feats and, at page 141, includes a " take down " as one of the wrestling exercises to be taught in high school. Considerable discretion is given to the instructor.

The State was not the insurer of claimant's safety. It is common knowledge, and experience has shown, that competitive contests, athletic events and gymnasium exercises, like most other activities of life, have certain dangers and hazards, and injuries are sustained therefrom on many occasions despite the use of necessary care, regulations and safety appliances. Wrestling is

in this category. It is a form of sport or athletics in which many individuals of all ages voluntarily partake at one time or another, regardless of size, weight, supervision or equipment, and usually no liability attaches thereto. However, in colleges, schools and similar institutions certain standards of safety are required. The State has conformed to such standards.

By employing an experienced and competent instructor, the State has provided an adequate degree of supervision. (*Curcio* v. *City of New York,* 275 N. Y. 20.)

Such instructor, supervisor or teacher has the duty of reasonable care in the prevention of injury, and must use the judgment of a qualified prudent person under similar circumstances. The question is resolved into whether such supervisor, as a reasonably prudent man before the occurrence of the accident had been apprehensive that, in the situation presented, there lurked the possibility of serious injury to anyone participating in the exercise. (*Cambareri* v. *Board of Educ. of City of Albany,* 246 App. Div. 127, affd. 283 N. Y. 741.) There is no evidence that the supervisor had or had reason to have, such apprehension or anticipation of the happening of this accident.

It cannot justifiably be said that the keeping, or the failure to keep, records of weights, ages, height or other statistics, caused or contributed to this accident. The supervisor, experienced, trained and well-acquainted with these students was able to judge the strength and potentialities of the members of his class without reference to records or statistics. It appears very improbable in a class of thirty to pair off any exact match. In addition to size and weight, the supervisor, in this type of sport, must consider the muscular, nervous and mental reactions and the capabilities of the participants. The supervisor and instructor used the judgment of a prudent man and committed no act of negligence.

No permanent disability resulted from the accident.

The court finds that the State has fulfilled its duty of reasonable care and is not chargeable with negligence.

The claim of John E. Reynolds, an infant, by Madelyn G. Reynolds, his guardian ad litem, is dismissed.

The claim of John S. Reynolds, being contingent on the outcome of the claim of John E. Reynolds, is also dismissed.

The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)

Let separate judgments be entered accordingly.