McCLEESE, APPELLEE, v. THE GLOCKNER CHEVROLET CO., APPELLANT.

(No. 779—Decided January 24, 1966.)

*Messrs. Bannon, Howland, McCurdy & Dever,* for appellant.

*Messrs. Kimble, Schapiro, Stevens, Harsha & Harcha,* for appellee.

Brown, J. This is an appeal from a judgment of the Common Pleas Court of Scioto County in a negligence action wherein plaintiff, appellee herein, recovered a verdict of $40,000 from defendant, appellant herein. A motion for a new trial having been overruled, this appeal ensued.

The facts are as follows: On October 20, 1961, at about 9 in the evening, on State Route 139 in Scioto County, Ohio,

plaintiff was a passenger in an automobile being driven in a northerly direction on State Route 139 at a point immediately south of the north corporation line of the city of Portsmouth, Ohio. Defendant's agent was operating a wrecker which had attached to it a flatbed truck by the use of a crane and cable. The cable of the wrecker was attached to an iron metal plate which was bolted to the wooden end of the bed of the truck, and after being attached to the rear of the flatbed truck was lifted by crane from the highway and towed in that position. As the flatbed truck was being towed by defendant's employee in a lift position, in a southerly direction on State Route 139, the metal plate pulled loose from the flatbed of the truck and dropped to the highway and crossed the center line of the road and struck the vehicle in which plaintiff was a passenger. Negligence was asserted in the manner of attachment of the flatbed truck to the wrecker, and that, as a result of the alleged negligence, plaintiff suffered certain injuries to her face, jaw, mouth and back, which were permanent, as well as pain and suffering.

The first assignment of error is that the court erred in failing and refusing to enter final judgment for defendant inasmuch as any cause of action stated in plaintiff's third amended petition was not proved. Our review, as well as that of the trial court's, indicates that there was sufficient evidence in the record for this case to go to the jury.

Defendant's second assignment of error asserts the court erred in submitting, and in permitting plaintiff to submit, to the jury the prayer of the third amended petition for $87,500.

As far as we know, the custom in this state has always been to permit the jury to have copies of the pleadings. In *Hocking Valley Ry. Co.* v. *Helber, Admr.*, 91 Ohio St. 231, the third paragraph of the syllabus reads:

"It is proper for a court to send the pleadings in a cause to the jury during its deliberations, but the pleading of a party is not admissible in evidence on the trial to prove its allegations. A pleading of one party may be introduced by his adversary to prove admissions or to impeach statements made on the trial."

In *Indianapolis & Southeastern Trailways, Inc.,* v. *Cincinnati Street Ry. Co.*, 166 Ohio St. 310, at 317, Judge Skeel, speaking for the court, said "And, of course, it is the common prac-

tice to send to the jury room the pleadings and the exhibits admitted in evidence.''

See also *Cincinnati Gas & Electric Co.* v. *Coffelder,* 11 C. C. (N. S.) 289, 21 C. D. 26.

Since the prayer is an integral part of the petition which is one of the pleadings in the case, there is no showing of prejudice. Defendant's argument is that the jury is untrained in the trial of cases and may be confused to grant higher judgments because of the size of the amount set forth in the prayer of the petition.

It is our opinion that modern juries, at least in this Appalachian District, are well aware of the general situation where most of the automobile driving public carries insurance and of the fact that many attorneys file actions for larger amounts than they can, or even hope to, prove. Attacking the mentality of juries has recently come into national vogue through a certain segment of the press. There are grave dangers inherent to democracy in this practice. The jury system has lasted since the Magna Charta in 1215, which is longer than most democratic governments have lasted. If there is general deception of juries through this practice, it seems to us that it is a matter for the Legislature to correct. This has not been our experience. Accordingly, this assignment is overruled.

The third assignment of error is that the trial court erred in admitting the testimony of Gussie Ison and Opal Veach as to Ison's statements to defendant's wrecker driver. In our opinion on review, the court did not commit prejudicial error in admitting this testimony, and the testimony was relevant to the issues made by the pleadings. This assignment is overruled.

The fourth assignment of error is that the court erred in not granting a new trial because the damages awarded to plaintiff were excessive and rendered under the influence of passion and prejudice. This assignment is overruled.

The fifth assignment of error is that the court erred in failing to grant defendant's request to charge the jury on the subject of speculation. In our opinion, when the court in its general charge stated to the jury that they were not to speculate in regard to permanent damages, it covered the subject. Our review indicates the general charge covered the problem

defendant was concerned about, and no reversible error has been shown in the charge of the trial court. This assignment is overruled.

Assignments six and seven are general assignments and were not argued. They are overruled.

We, like the trial court, are somewhat concerned with the amount of the verdict being in excess of the affect the accident had upon the physical well being of plaintiff at her time of life and the obvious change in her well-being that this accident brought about, and we are of the opinion that the verdict was proper and that a remittitur is not in order. If we were to grant the same, it would be arbitrary and we would be substituting our judgment for that of the trial jury.

Accordingly, all the assignments of error are overruled and the judgment of the Common Pleas Court of Scioto County is affirmed.

*Judgment affirmed.*

CARLISLE and GRAY, JJ., concur.