# E. I. du Pont de Nemours & Company, Inc., Appellant, *v.* Berm Studios, Inc.

Argued September 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Max W. Gibbs,* for appellant.

*R. Winfield Baile,* with him *Baile, Thompson & Shea,* for appellee.

OPINION BY WATKINS, J., December 14, 1967:

This appeal is from the judgment of the Court of Common Pleas of Delaware County entered for the de-

fendant. The case was tried before a judge without a jury. The judge, after the trial, made the following findings of fact: (1) The claim is based upon a written contract; (2) The plaintiff has not shown its right to recover; (3) The defendant is not liable; and (4) The defendant is entitled to a verdict. The court then entered a verdict for the defendant, after exceptions to the findings of fact were argued, judgment was entered for defendant and plaintiff filed this appeal.

Appellate review of the record of a trial before a judge without a jury is limited to a determination of whether the findings of fact of the court below are supported by competent evidence and whether or not the lower court committed error of law.

The pertinent facts of this case appear to be as follows: The defendant, Berm Studios, Inc., the appellee, is a corporation engaged in the business of designing and constructing industrial exhibits.

On March 14, 1963, the plaintiff and defendant entered into a written agreement whereby defendant was to design and construct an exhibit for the appellant to use at the 1963 Knitting Arts Exposition which was held at Convention Hall, Atlantic City, New Jersey. In pursuance of this agreement components of an exhibit which were in the possession of du Pont, at its warehouse in Delaware, were sent to the appellee's place of business. Appellee reconstructed the parts, making whatever changes were necessary for the new exhibit to be placed in Convention Hall. Under the terms of the contract the appellee was to transport the exhibit to Atlantic City, erect it at the place leased by the appellant in Convention Hall, and after the exposition ended, to dismantle the exhibit, wrap or crate it and arrange for its transportation back to appellant's warehouse in Delaware. Paragraph 21 of the agreement set forth the following: As agreed, we will assume responsibility for electrical requirements, drayage in and

out, floral arrangements and telephone rental. The charges for these services will be billed accordingly and an estimate of costs can be submitted at a later date.

The appellee in pursuance of this agreement did design, construct and erect the exhibit at the designated place in Convention Hall and the appellant used the exhibit for the purpose of exhibiting knit goods from April 29, 1963 to May 3, 1963. When the exposition ended the appellant through its agent came to Convention Hall and removed the knit goods from the mannequins and other portions of the exhibit, wrapped and placed them in cartons and sealed the same for shipping back to their plant in Delaware. The appellant had also transported the exhibit product (the knit goods) to Atlantic City and had them placed in the exhibit through their agent and an independent interior decorator. The appellee had no possession or control over the knit goods until after the exposition ended and the display product was packed, sealed and prepared for shipment back to appellant's warehouse. At this time the agent of the appellant informed one of the workmen of appellee that these goods should be shipped with the exhibit to the appellant's warehouse. The employes of appellee then had the entire exhibit including the cartons containing the exhibit product, placed in a security area of Convention Hall until the following morning when they were brought from the security area by a drayage company, furnished by Convention Hall management, which company transported the exhibit and all the other cartons to a loading platform where they were placed in a trailer van of a common carrier to be transported to the appellant's warehouse. The appellee through its employes had checked the number of cartons to be shipped before they were placed in the security area at the time they were removed from that place and at the time they were being loaded into

the trailer for transportation back to appellant's warehouse and found, at each step of the way, the exact number of cartons which were to be shipped from the display area in Convention Hall. Upon arrival of the trailer at appellant's warehouse in Delaware the cartons were unloaded and placed in appellant's warehouse at which time it was discovered that the cartons containing the display product were missing. The appellant brought suit against appellee to recover the value of the display product because of appellee's failure to return same to appellant's warehouse.

The written agreement, the conduct of the parties and the testimony in the case indicate that appellee was responsible for the creation, erection, removal and transportation of the exhibit to and from Convention Hall to appellant's warehouse. However, the display product was not included in the contract and was not the responsibility of the appellee under the terms of the written agreement. Appellee became a gratuitous bailee of the display product at the close of the exposition.

As a bailee for the sole benefit of the bailor, the appellee was required to exercise only slight diligence with regard to the display product and was answerable only for gross negligence in the care of the same. *Hibernia Building Association v. McGrath,* 154 Pa. 296, 26 A. 377 (1893).

In the trial of an action by a bailor against a bailee for loss or damage to any subject of a bailment, the procedure to be followed in going forward with the evidence is the same whether or not the bailment is one for the sole benefit of the bailor, the bailee or for their mutual benefit and whether or not it was a gratuitous bailment or one for hire; the only difference being in the degree of care which the bailee must take regarding the thing bailed and the degree of negligence which

would make the bailee liable for the loss for damage to the subject of the bailment.

The bailor must establish the bail agreement, the delivery of the subject of the bailment and the failure of bailee to return it at the termination of the agreement or on demand if no term is fixed; or a return in a damaged condition. The bailee must then go forward and show the cause of the damage or loss, if possible, and if not already established by the bailor. The bailor must then prove the required negligence of the bailee in order to recover for the loss or damage.

Where, as in the instant case, the bailee is unable to show the cause of the loss, and it is not established by bailor's evidence, he must then set forth the course of his conduct toward the subject of the bailment and then the bailor must prove the required degree of negligence of the bailee if it is not already shown by the evidence of the bailee.

In the instant case the appellee exhibited not only the slight care toward the bailed items but that care which an ordinary prudent person would exhibit and the appellant showed no negligence on the part of the appellee.

Judgment affirmed.