■ ROBERT PIERCE, as Administrator of the Estate of RORY PIERCE, Deceased, Respondent-Appellant, v. CITY OF NEW YORK, Respondent, and BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 12, MALVERNE, TOWN OF HEMPSTEAD, Appellant-Respondent.— In an action to recover damages for wrongful death and conscious pain and suffering, defendant Board of Education and plaintiff cross appeal from a judgment of the Supreme Court, Nassau County, entered March 30, 1971. Said defendant's appeal, as limited by its brief, is from so much of the judgment as (1) is in favor of plaintiff against it, upon a jury verdict as reduced with respect to the jury's award on the conscious pain and suffering cause by plaintiff's stipulation executed pursuant to the trial court's direction setting aside the verdict unless such stipulation were given, and (2) dismissed said defendant's cross claim against defendant City of New York. Plaintiff's appeal, as limited by his brief, is from so much of the judgment as granted him the reduced amount of the jury award on the conscious pain and suffering cause. Upon the appeal by defendant Board of Education, judgment modified, on the law and the facts, by striking therefrom the first three decretal paragraphs, which are in favor of plaintiff against said defendant, and substituting therefor a provision dismissing the complaint as against said defendant, on the law, without costs. As so modified, judgment affirmed insofar as appealed from by said defendant, without costs. Appeal by plaintiff dismissed as academic, without costs. The court is unanimous in its determination that plaintiff's complaint must be dismissed, but the members of the court differ in their reasons for reaching this conclusion. Three members of the court are of the opinion that no evidence of a breach of the defendant board's duty of careful supervision was presented (*Cambareri* v. *Board of Educ. of City of Albany*, 246 App. Div. 127, affd. 283 N. Y. 741; *Swiatkowski* v. *Board of Educ. of City of Buffalo*, 36 A D 2d 685). The other two members of the court are of the view that, under the facts of this case, a triable issue was presented as to whether the board defaulted in its duty of properly supervising the area in question, but that the resulting injuries and death and the manner of their occurrence cannot be deemed to be within "the range of apprehension" (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339, 344; *Ohman* v. *Board of Educ. of City of N. Y.*, 300 N. Y. 306; *Tannenbaum* v. *Board of Educ., Cent. High School Dist. No. 3, Town of Hempstead*, 22 A D 2d 924). Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.