395 A.2d 1373

**METZ CONTRACTING, INC., Appellant,**

v.

**BOXER HEIGHTS, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1978.

Decided Dec. 20, 1978.

Gary P. Hunt, Pittsburgh, for appellant.

John H. Neely, Pittsburgh, for appellee.

Before CERCONE, HOFFMAN and WIEAND, JJ.

WIEAND, Judge:

Metz Contracting, Inc. instituted an action in assumpsit to recover a balance allegedly due for labor performed and materials supplied in making improvements to three separate tracts of land owned by Boxer Heights, Inc. The owner filed an answer containing a series of counterclaims. The action was tried without jury and resulted in a decision in favor of the owner for $1,975.[1] Exceptions filed by the

---

1. In arriving at this amount the trial court's calculations were rounded off to the nearest dollar.

contractor were dismissed by the court en banc, and judgment was entered on the decision of the trial court. The contractor appealed.

■ It is firmly established that the findings of a trial judge, sustained by the court en banc, have the force and effect of a jury's verdict and, if based on sufficient evidence, will not be disturbed on appeal. *Snow v. Corsica Construction Company, Inc.,* 459 Pa. 528, 329 A.2d 887 (1974); *Girard Trust Bank v. Sweeney,* 426 Pa. 324, 231 A.2d 407 (1967); *J. R. Christ Construction Co., Inc. v. Olevsky,* 426 Pa. 343, 232 A.2d 196 (1967). Appellate review, therefore, is limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error of law. *Rubinstein v. J. E. Kunkel Co.,* 244 Pa.Super. 474, 479, 368 A.2d 819, 822 (1976); *E. I. du Pont de Nemours & Company, Inc. v. Berm Studios, Inc.,* 211 Pa.Super. 352, 354, 236 A.2d 555, 556 (1967).

■ The trial court, in finding that there was a balance unpaid for work done by appellant-contractor, reduced the amount claimed by $4,657.50. This was the amount of an invoice which, according to evidence and the face of the document itself, was for work done on land separate and apart from the tracts referred to in the three written contracts pleaded by appellant. The record does not disclose that appellant ever asked to amend its complaint to include the contract under which the work covered by this invoice was done. Therefore, we find no error in the exclusion of this amount from the balance found by the court to be due on contracts pleaded by appellant.

Appellant's remaining arguments pertain to the sufficiency of the evidence to support credits and set-offs awarded to appellee by the trial court. We have examined carefully the entire record and, with the exceptions hereinafter discussed, find that there is sufficient competent evidence to support the court's findings.

One of the credits awarded to appellee was for $2,003.30. This credit, as appellee conceded in the exceptions which it

filed to the trial court's decision, cannot find total support in the evidence. In January, 1969, representatives of the parties met to discuss certain differences that had arisen about work done and charges made therefor. As a result of that meeting, it was agreed that credits in the amount of $3,161.43 would be granted by appellant-contractor against invoices previously submitted to appellee. Appellee's pleading asserted a set-off for this amount. At trial, however, the appellee-owner withdrew a request for a set-off to the extent of $1,058 because credits therefor had previously been granted. An additional credit memo issued during the progress of the work for $1,282 was produced by appellant at trial. The validity thereof was not disputed. Consequently, of the credits agreed to by the parties in January, 1969 and not reflected in prior reductions of invoices, there remained only $821.43. The trial court neglected to make the required reduction of appellee's set-off, and the court en banc perpetuated the error.

A set-off for $821.43 was proper. Where, as here, a bona fide dispute existed between the parties and they entered an agreement to make credit allowances for the purpose of settling the dispute, they will be bound by their agreement. "The sufficiency of the consideration for a compromise is not to be determined by the soundness of the original claim of either party." *Fink v. Farmers' Bank of Harrisburg,* 178 Pa. 154, 170, 35 A. 636, 638 (1896); *Hensel v. Cahill,* 179 Pa.Super. 114, 118–119, 116 A.2d 99, 101 (1955); *Zentmyer v. Zentmyer,* 69 Pa.Super. 496, 499 (1918). Thus, it was not necessary for appellee to prove in this action the right to recover on its original claim. The trial court properly allowed recovery based on the compromise agreement of January, 1969.

Another set-off claimed by appellee was that appellant had failed to extend a six inch lateral sanitary sewer line to the "McNary homestead," a distance of one hundred feet, as required by engineer's drawings. The trial court found that

appellant had defaulted in this respect and awarded damages of $1,000. We are satisfied that there is evidence to support a finding that the required lateral was not installed by appellant. It is argued, however, that there was no evidence to support the trial court's award of damages. Our examination of the record compels us to agree, at least in part.

The pertinent contract was a unit price contract. Appellant-contractor was required to submit bills for labor performed and materials supplied in accordance with unit prices established by the contract. The evidence was conflicting as to whether appellant-contractor had ever billed the owner-appellee for installation of the lateral line to the "McNary homestead." The trial court concluded that the appellee-owner had been charged for 100 lineal feet at the contract price of $4 per foot. Inasmuch as this work had not been done, appellee was entitled to a credit of $400.

Appellee-owner would also have been entitled to recover the difference between the reasonable cost of installing the lateral and the price at which appellant had agreed to make the installation. See: *Gaylord Builders, Inc. v. Richmond Metal Mfg. Corp.,* 186 Pa.Super. 101, 140 A.2d 358 (1958). Those damages, however, could not be presumed. It was incumbent upon the owner to establish by evidence such facts as would have furnished a basis for their assessment. *Magar v. Lifetime, Inc.,* 187 Pa.Super. 143, 144 A.2d 747 (1958). This evidence was not forthcoming. If appellee-owner subsequently caused the omitted lateral to be installed, the record is silent concerning the cost thereof. Therefore, the trial court's award of $1,000 as a set-off finds no support in the evidence. The maximum set-off supported by the evidence is $400.

For the foregoing reasons, appellee's judgment must be reduced to $192.74. As so modified, the judgment is affirmed.