454 A.2d 1038

**Richard SIMONETTI, a Minor, by his Parent and Natural Guardian, Alberta SIMONETTI, and Alberta Simonetti, in her own right**

**v.**

**SCHOOL DISTRICT OF PHILADELPHIA, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1982.

Filed Nov. 30, 1982.

Reargument Denied Feb. 8, 1983.

Petition for Allowance of Appeal Granted May 13, 1983.

Leon A. Mankowski, Philadelphia, for appellant.

Norman R. Segal, Philadelphia, for appellees.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

Richard Simonetti, a fifth grade student, returned to the classroom from recess and was struck in the left eye by a pencil which had been propelled from the hand of a classmate when he tripped. The teacher, an employee of the School District of Philadelphia, was outside the classroom, standing at the door, when Simonetti was injured. There she was engaged in monitoring the return of her students

from recess and talking with another teacher. The student who dropped or threw the pencil and two other students had been required to remain in the classroom during recess as punishment for misbehavior at breakfast. They had been talking with the teacher during the recess period and were instructed to take their seats when the teacher stepped outside the classroom to supervise the return of the students from recess.

In an action against the School District, it was contended by Simonetti that the teacher had been negligent in failing to provide adequate classroom supervision. The case was tried without a jury, and damages of $15,000 were awarded to the minor plaintiff and his mother. After the School District's exceptions had been dismissed[1] and judgment entered on the verdict, this appeal followed.

" 'Appellate review of the record of a trial before a judge without a jury is limited to a determination of whether the findings of fact of the court below are supported by competent evidence and whether or not the lower court committed error of law.' " *Rubinstein v. J.E. Kunkle Co.*, 244 Pa.Super. 474, 479, 368 A.2d 819, 822 (1976), quoting *E.I. duPont de Nemours & Co., Inc. v. Berm Studios, Inc.*, 211 Pa.Super. 352, 354, 236 A.2d 555, 556 (1967). In reviewing the sufficiency of the evidence we are required to view the evidence in the light most favorable to the verdict winners. *Id.*, 244 Pa.Superior Ct. at 480, 368 A.2d at 822.

In *Bottorf v. Waltz*, 245 Pa.Super. 139, 369 A.2d 332 (1976), a case in which a student had been burned when melted wax was spilled on his back, this Court defined the standard of care required of a teacher by quoting from 38 A.L.R.3d 830, 843–846, in part, as follows:

1. The trial court properly treated appellant's motions for new trial and for judgment n.o.v. as exceptions. See: *Pomerantz v. Goldstein,* 479 Pa. 175, 387 A.2d 1280 (1978); *Karpe v. Borough of Stroudsburg,* 290 Pa.Super. 559, 561, 434 A.2d 1292, 1293 (1981); *Norris Van Tops, Inc. v. Kopitsky,* 278 Pa.Super. 77, 419 A.2d 1365 (1980); Pa.R.C.P. 1048, 1038(d). See also: *In re Tax Claim Bureau, German Township, Mt. Sterling 54½ Acres, Miscellaneous Bulidings,* 496 Pa. 46, 436 A.2d 144 (1981).

What constitutes proper supervision depends largely upon the circumstances attending the event. Thus, the fact that supervisory personnel present when an accident occurs could conceivably have prevented its occurrence does not necessarily render the school agency liable if the supervisory personnel was competent and acted reasonably under all the circumstances.

. . . . .

There is no liability predicated on lack or insufficiency of supervision where the event in connection with which the injury occurred was not reasonably foreseeable.... The courts frequently state that a teacher is not required to anticipate the myriad of unexpected acts which occur daily in and about school, to guard against all dangers inherent in the rashness of children, or to watch all movements of children.

Where injury results from an unforeseen, sudden, impulsive, or spontaneous act of another pupil, such act has been held the intervening proximate cause of the injury notwithstanding lack, or possible inadequacy, of supervision. Thus, it has been said that failure of supervision is not that proximate cause of an accident where injury results from an unanticipated act of a fellow pupil, since the teacher cannot be expected to watch all movement of pupils in the absence of anything to place the teacher on notice to guard against the occurrence.

*Id.*, 245 Pa.Superior Ct. at 143, 369 A.2d at 334.

Although there is a paucity of Pennsylvania decisions, cases from other jurisdictions illustrate the application of these principles. In *Ohman v. Board of Education of City of New York*, 300 N.Y. 306, 90 N.E.2d 474 (1949), the facts were remarkably similar to those of the instant case. There, a thirteen year old student sustained injury when struck in the eye by a pencil. The pencil had been thrown by one student to another, and when the boy for whom it was intended ducked, the pencil hit the minor plaintiff. The accident occurred while the teacher in charge of the classroom was temporarily absent for the purpose of sorting and

storing supplies in a corridor closet. The court held that the teacher's absence from the room was insufficient to impose liability upon the Board of Education, saying:

> [A] teacher may be charged only with reasonable care such as a parent of ordinary prudence would exercise under comparable circumstances. Proper supervision depends largely on the circumstances attending the event but so far as the cases indicate there has been no departure from the usual rules of negligence.

*Id.* at 309, 90 N.E.2d at 475.

In *Swaitkowski v. Board of Education of the City of Buffalo*, 36 A.D.2d 685, 319 N.Y.S.2d 783 (1971), the Court held that the Board of Education was not liable for injuries sustained by a student who, upon returning to his seat, sat on the point of a pencil placed on the seat by another student while the teacher was absent from the classroom for a short period to assist another teacher locate books in a bookroom 10½ feet away with the doors open. The Court said:

> Nor can respondents prevail on their claim of inadequate supervision by the teacher in leaving the classroom unattended for the short space of time she was required to be absent. As in *Ohman v. Board of Educ. of City of N.Y.*, 300 N.Y. 306, 90 N.E.2d 474, the injury resulted from "the act of an intervening third party which under the circumstances could hardly have been anticipated in the reasonable exercise of the teacher's legal duty toward the plaintiff" (p. 309, 90 N.E.2d p. 475) and which act was "one of those events which could occur equally as well in the presence of the teacher as during her absence" (p. 310, 90 N.E.2d p. 475). We are, of course, mindful of the proposition that a school board is not the insurer of the safety of students (*Ohman v. Board of Educ. of City of N.Y.*, supra; *Cambareri v. Board of Education of City of Albany*, 246 App.Div. 127, 284 N.Y.S. 892, affd. 283 N.Y. 741, 28 N.E.2d 968) and that a school or teacher may be charged only with reasonable care such as a parent of ordinary prudence would exercise under comparable cir-

cumstances (*Lawes v. Board of Educ. of City of N.Y.*, 16 N.Y.2d 302, 305, 266 N.Y.S.2d 364, 366, 213 N.E.2d 667, 668).

*Id.* at 686, 319 N.Y.S.2d at 784.

In *Morris v. Ortiz*, 103 Ariz. 119, 437 P.2d 652, 35 A.L.R.3d 747 (1968), a student in an auto mechanics class was injured when another student jumped on a car top which the former student was holding. The trial court directed a verdict in favor of the teacher and school district. In affirming, the Arizona Supreme Court said:

> To hold that [the teacher] had to anticipate [the student's] act and somehow circumvent it is to say that it is the responsibility of a school teacher to anticipate the myriad of unexpected acts which occur daily in and about schools and school premises, the penalty for failure of which would be financial responsibility in negligence. We do not think that either the teacher or the district should be subject to such harassment nor is there an invocable legal doctrine or principle which can lead to such an absurd result.

*Id.* at 121, 437 P.2d at 654, 35 A.L.R.3d at 752.

In *Butler v. District of Columbia*, 417 F.2d 1150 (D.C. Cir.1969), a seventh grade student was struck in the left eye by a sharp piece of metal when he entered a printing classroom. The teacher was then absent because he had been assigned as a hall or cafeteria supervisor. The plaintiff's case was based on alleged negligent supervision of the classroom after the teacher and principal had prior knowledge that "horseplay" and throwing had occurred in the classroom. In holding that there could be no recovery, the Court took note of the district's dilemma of balancing "the need for a teacher to supervise several hundred students milling about the corridors and the cafeteria against the need to supervise fourteen students in a certain classroom for a period of time." *Id.* at 1153.

From these decisions it can safely be concluded that momentary absence from a classroom is not negligence.

This is particularly true where, as in the instant case, the absence was for the authorized and compelling reason of monitoring the return of about thirty students from recess. The teacher, it may confidently be observed, could not have been at two places at the same time. With equal confidence, it can be said that it was not negligence for the teacher to give priority to an entire class of approximately thirty students returning from recess rather than to remain in the classroom to supervise three students who had been required to stay in the classroom during the recess period.

It is common knowledge that children may indulge in horseplay. They may throw a pencil, shoot a paper clip or snap a rubber band when a teacher is absent or turns his or her back. In the instant case, the teacher attempted to guard against any horseplay by instructing the three students who were in the classroom to return to their seats and remain there. While these students were capable of free spirits and were even being punished for unrelated misconduct at breakfast, there is no evidence that they were hellions who required constant custody.[2]

To require the teacher to anticipate the events which occurred while she was outside the classroom door would be to hold that a teacher is required to anticipate the myriad of unexpected acts which occur daily in classrooms in every school in the land. This is not the law, and we perceive no good reason for imposing such an absolute standard on teachers and school districts.

2. The dissenting opinion contends that the teacher was negligent because she positioned herself so that she could neither see nor hear what was transpiring in the classroom. This is not in accord with the facts found by the trial judge and recited in his opinion. Even the minor plaintiff testified that the teacher was but a few feet from the classroom door. Despite her position outside the door, she heard nothing to suggest a "rukus." The trial court also made no finding that there had been "yelling" or "hollering" in the classroom. This is understandable. The minor plaintiff, who at one point in his testimony used those words, immediately changed his testimony to "talking loudly." The trial judge did find that the boy with the pencil had been running in the classroom. Specifically, he was running up the aisle at the time the minor plaintiff was struck in the eye with the pencil.

The judgment is reversed and is now entered for the appellant.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent. The majority begins its discussion by pointing out the proper standard of review for this Court as follows:

"Appellate review of the record of a trial before a judge without a jury is limited to a determination of whether the findings of fact of the court below are supported by competent evidence and whether or not the lower court committed error of law." *Rubinstein v. J.E. Kunkle Co.*, 244 Pa.Super. 474, 479, 368 A.2d 819, 822 (1976), quoting *E.I. duPont, de Nemours and Co., Inc. v. Berms Studios*, 211 Pa.Super. 352, 354, 236 A.2d 555, 556 (1967). In reviewing the sufficiency of the evidence, we are required to view the evidence in the light most favorable to the verdict winners. *Id.*, 244 Pa.Superior Ct. at 480, 368 A.2d at 822.

Rather than applying this standard though, the majority takes a neutral view of the evidence and begins comparing the instant case with similar cases in other jurisdictions and reaches the overly simplistic conclusion that momentary absence from a classroom by a teacher is not negligence. Since I do not believe that the majority presented the evidence in the light most favorable to the verdict winner, as required, I will begin by stating the facts as I feel they should be viewed in this appeal.

The teacher, Mrs. Powell, remained in the classroom with three children during recess period while the other children were outside playing. The three children were not at recess because they were being punished by the teacher for their misbehavior earlier in the day. At least one of the three children had been a persistent behavior problem since he began school. Mrs. Powell went outside the classroom, following the recess period, to monitor the other thirty children who were returning. Mrs. Powell positioned her-

self in the hall in such a way that she could not see the classroom, which was filling up with children returning from recess and in which the three discipline-problem children were sitting. Because she could not see into the classroom from where she stood, she was not aware that there were children running around with sharp pencils in their hands. She also could not hear the "hollering" or "yelling" going on inside the classroom. Not only was Mrs. Powell not in a position to see or hear what was happening in the classroom during this rukus, but she was busy talking to another teacher. In fact, she was so engulfed in conversation that following the incident in question, the minor plaintiff, who was crying, had to go into the hall and interrupt the two teachers to get Mrs. Powell's attention. Based on these facts, we must determine whether there is evidence in the record to justify the trial court's findings of negligence. *Courts v. Campbell*, 245 Pa.Super. 326, 330, 369 A.2d 425, 426 (1976).

Besides failing to apply the proper standard of review, the majority attempts to find support for their position by citing non-Pennsylvania cases, all of which are factually distinguishable from the instant case. All of those cases involved a teacher who left the classroom unattended to do another assigned task. While the teacher was absent, a student was injured through some mishap. The majority concludes that these cases support the conclusion that "momentary absence from a classroom is not negligence." While I agree that momentary absence alone is not sufficient to support a finding of negligence, I do believe that additional factors coupled with momentary absence could support a finding of negligence. The majority does not consider questions such as why the teacher left the room, how long she was gone, and what she did while she was out, as being important in determining negligence. I believe these facts are essential in distinguishing our case from those cited by the majority.

In the case at bar, while Mrs. Powell may have been authorized to stand outside the classroom to monitor those coming in from recess, this did not relieve her of the duty to

supervise the children as they entered the classroom, especially when she knew the behavior-problem children were in the room; nor did it free her to strike up conversations with fellow teachers in the hallway. Unlike the cases cited by the majority, the teacher could have done both tasks, i.e., monitor those in the hallway and watch those in the classroom at the same time by positioning herself in the doorway so she had a view of the inside of the classroom and that of the hallway. Moreover, the distraction of talking to other teachers when she was supposed to be supervising her thirty students is another factor which should be considered in determining whether there was sufficient evidence for the trial court to find negligence. These additional facts, which are absent in the cases relied upon by the majority, are sufficient to qualify the "momentary absence" of the teacher and support a finding of negligence. Therefore, I would affirm the finding of negligence by the lower court because it was supported by competent evidence.