464 A.2d 468

**Joseph S. HAMMERSTONE**

v.

**Hugh ROSE and C.D.B., Inc.**

**Appeal of C.D.B., INC.**

Superior Court of Pennsylvania.

Submitted April 28, 1983.

Filed Aug. 12, 1983.

Philip D. Lauer, Easton, for appellant.

Thomas L. Walters, Easton, for appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

Joseph S. Hammerstone, appellee, was the owner of a Volkswagen which, while lawfully parked in the City of Easton, was damaged by a welding trailer which broke loose and fell from a passing truck. Upon the trial of an action to recover damages from C.D.B., Inc., the owner of the truck, appellee showed that the hitch and safety chain holding the welding trailer had broken when the truck traversed a "dip" in the road. The trial court, which heard the case without a jury, found that the owner of the truck had been negligent and entered an adjudication awarding damages to the owner of the Volkswagen. On appeal, after exceptions had been dismissed,[1] C.D.B., Inc. contends that the evidence was insufficient to sustain the trial court's finding of negligence. We disagree and, accordingly, affirm.

In *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 327 A.2d 94 (1974), the Supreme Court adopted Section 328D of the Restatement (Second) of Torts and made it part of the law of Pennsylvania. Section 328D of the Restatement provides an evidentiary rule which permits a logical and realistic

---

1. The order of the court en banc, from which the instant appeal was filed, reversed a finding of negligence on the part of the driver of the truck but dismissed the exceptions of C.D.B., Inc., the owner of the truck, and entered judgment against the owner in the sum of

approach to circumstantial proof of negligence. The rule provides, in pertinent part, as follows:

(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Under this rule, the fact finder may infer, "when a runaway horse is found in the street, that its owner has been negligent in looking after it." Restatement (Second) of Torts, § 328D, Comment b. So also, negligence may be inferred when a heavy coupler breaks loose from a railroad train and rolls down an embankment causing damage to a passing vehicle. *Mack v. Reading Co.*, 377 Pa. 135, 103 A.2d 749 (1954). See also: *Kirkland v. Barfield*, 45 Ala. App. 384, 231 So.2d 161 (1970) (inference of negligence permissible where trailer laden with peanuts separates from defendant's truck and strikes plaintiff's gasoline tanks); *Tamiami Trail Tours, Inc. v. Locke*, 75 So.2d 586 (Fla. 1954) (inference of negligence permissible where defendant's truck is coupled to plaintiff's trailer and the coupling fails, causing damage to the trailer); *Wimberley v. Material Service Corp.*, 12 Ill.App.3d 1051, 299 N.E.2d 425 (1973) (inference of negligence permissible where metal cement chute falls from mixer and injures motorcyclist following truck); *McCleese v. Glockner Chevrolet Corp.*, 6 Ohio App.2d 69, 216 N.E.2d 389 (1966) (inference of negligence permissible where flatbed truck being prepared for towing by wrecker breaks free, crosses center line of highway and strikes car in which plaintiff is riding as a passenger).

Appellant contends on appeal, as it did at trial, that it was traversing the dip in the road which caused the chain to

$2,751.81. Such an order is appealable. *Commonwealth ex rel. Waltman et al. v. Graczyk, et al.*, 501 Pa. 244, 460 A.2d 1098 (1983).

break and not negligence in securing the welding trailer. The conditions of the road were a factor, but only a factor, to be considered by the trier of the facts. The trial court found that the conditions of the road were not extraordinary and should have been foreseen by one engaged in hauling a welding trailer on the public highways. The trial court's findings, affirmed by the court en banc, have the same force and effect as a verdict of a jury. So long as they are supported by competent evidence, as is the case here, they will not be disturbed on appeal. See: *Eddystone Fire Co. No. 1 v. Continental Insurance Co.*, 284 Pa.Super. 260, 425 A.2d 803 (1981); *Metz Contracting, Inc. v. Boxer Heights, Inc.*, 261 Pa.Super. 177, 395 A.2d 1373 (1978).

Appellant also complains because the trial court included in its award the sum of $1,202.88 to compensate appellee for the cost of alternate transportation while his vehicle was being repaired. Suffice it to say here that the award of damages in this amount was fully explained by the trial court's opinion and supported by appellee's evidence.

Order affirmed.